490 So.2d 444 (1986)
STATE of Louisiana In the Interest of J.M.
No. 86-CA-38.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
*445 William J. Guste, Jr., Atty. Gen., Joseph Erwin Kopsa, Asst. Atty. Gen., Corrections Section, Louisiana Dept. of Justice, and Cynthia G. Eyre, Atty. for Secretary, Dept. of Public Safety and Corrections, Baton Rouge, for appellant.
John M. Mamoulides, Dist. Atty., 24th Judicial Dist. Court, Jefferson Parish, Andrea Price and Elizabeth M. Gaudin, Asst. Dist. Attys., Gretna, for appellee.
Before CHEHARDY, C.J., and BOWES and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
The Department of Public Safety and Corrections, Division of Youth Services (DYS) appeals a judgment of the Juvenile Court for the Parish of Jefferson that orders the State of Louisiana to pay the costs of temporary placement of a juvenile in a non-state-owned facility.
J.M., a 15-year-old boy, pleaded guilty to a charge of felony theft (LSA-R.S. 14:67) for stealing $9,000 from his parents and was adjudicated a child in need of supervision. The juvenile court judge sentenced him to serve one year with the Department of Corrections, but suspended the sentence and placed him on active probation until his 18th birthday.
In addition the court awarded custody of the juvenile to the Department of Public Safety and Corrections, Division of Youth Services, for placement in an adequate residential treatment facility to specifically address the child's educational needs, and ordered that the child be placed within 30 days. The court further ordered the juvenile be remanded to Rivarde Detention Home (a Jefferson Parish facility) while awaiting placement. Finally, the court ordered that the State of Louisiana pay the expenses for the juvenile's stay at the Rivarde Home.
DYS has appealed, urging the juvenile court erred in the following respects:
1. That the disposition violates state law because the disposition commits custody of the juvenile to DYS but then prescribes the setting and placement of the juvenile; and
2. That the portion of the disposition ordering the state to pay the cost of detention in Rivarde violates a prior ruling by the state Supreme Court and orders something for which no statutory authority exists.
The case upon which DYS relies is State in the Interest of Sapia, 397 So.2d 469 (La.1981). In the Sapia case, the Louisiana Department of Health and Human Resources (DHHR) appealed rulings that ordered DHHR to pay the costs of care and treatment for children the juvenile court had placed in private facilities. The Supreme Court ruled that the juvenile court has the ultimate authority for the placement of children adjudged to be in need of care or supervision; however, where a child is placed in a private facility by the judge, there is no statutory authority for requiring DHHR to pay for the child's care and treatment.
The Sapia court held further that once the juvenile court judge determines that custody of a child should be assigned to DHHR, and so assigns custody of the child, DHHR then has the authority to determine where the child should be placed. Thereafter, if the juvenile court determines that the child is not being properly cared for, it may remove custody from DHHR and place it elsewhere.
The district attorney, in opposition to the appeal, asserts the juvenile court has authority under LSA-R.S. 13:1578 to make provisions for temporary detention of children within the jurisdiction of the court. The district attorney also asserts the Sapia case is distinguishable because the facilities involved in that case were private facilities and because in the present case the placement of the juvenile J.M. is temporary, pending placement by DYS. The district attorney points out that an employee of Juvenile Court Services testified that J.M. could not remain at home at the time and that DYS had no available placements.
*446 In the Sapia case the court interpreted the same statutes applicable to this case, LSA-C.J.P. art. 84 and LSA-R.S. 13:1580. C.J.P. art. 84 gives the juvenile court the power and authority to assign custody of a child adjudged in need of supervision to any person or agency, public or private, that it deems will serve the best interest of the child. R.S. 13:1580 gives the Department of Health and Human Resources or the Department of Public Safety and Corrections the authority to place a child in the facility the agency determines will serve the child's best interest where the child has been initially referred to either agency for treatment and assigned to that agency's custody by the juvenile court. See State in the Interest of Sapia, supra.
Our Supreme Court's interpretation of these statutes in the Sapia case is definitive and binding upon us. We conclude, therefore, that the juvenile court judge erred when he assigned a temporary placement for J.M. pending placement by DYS, when he initially assigned custody of the juvenile to DYS.
Similarly, he had no authority to order DYS to pay the costs for J.M.'s care at the Rivarde Home. LSA-R.S. 15:1092 prescribes the method of payment by the Department of Public Safety and Corrections for shelter care and detention facilities and certified shelter care programs. This statute requires the Department of Public Safety and Corrections to "enter into a contractual agreement with each regional detention facility, shelter care facility, or alternative shelter program specifying the services to be provided and the dollar amount of the contractual agreement." The statute also orders the Department of Public Safety and Corrections to provide start-up funds to establish such facilities and programs.
As in the Sapia case, there is no statutory authority to support the juvenile court's order requiring payment by DYS for the care and treatment of this child at a facility not selected by DYS.
We note that the juvenile court has the power, at any time, to review the placement made by DYS and to remove custody from DYS if the court is not satisfied such placement is in the child's best interest. C.J.P. art. 84; State in the Interest of Sapia, supra.
For the foregoing reasons, we affirm that portion of the district court's judgment placing custody of J.M. with the Department of Public Safety and Corrections and ordering placement of the juvenile within 30 days. We reverse that portion of the judgment assigning temporary placement of J.M. to the Rivarde Detention Home and ordering the Department of Public Safety and Corrections to pay the cost of the child's care there. The matter is remanded for further proceedings in accordance with the Code of Juvenile Procedure.
AFFIRMED IN PART AND REVERSED IN PART.