532 So.2d 943 (1988)
STATE of Louisiana in the Interest of J.A.
No. 88-KA-238.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
George E. Escher, New Orleans, for plaintiff/appellee.
Janice L. Kazmier, Bureau of Legal Services, New Orleans, for DHHRdefendant/appellant.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal is brought on behalf of the Louisiana Department of Health and Human Resources (DHHR) seeking a reversal from the disposition of the juvenile court. DHHR specifically urges that it be relieved of all and any legal custody of, authority over and financial responsibility for the delinquent minor, J.A. We reverse and remand.
J.A. admitted guilt to the offense of sexual battery, La.R.S. 14:43.1. On November 19, 1987 a partial disposition was rendered wherein J.A. received a two-year suspended sentence to the Department of Public Safety and Corrections (DPSC) and was placed on three years active probation.
On January 7, 1988 the court awarded legal custody of J.A. to the Office of Juvenile Services (OJS) within DPSC, in order to place him in a psychiatric facility. Custody was awarded on that date to DPSC/OJS. The court found the child in need of a structured residential setting. It further ordered J.A. to undergo therapy with either Dr. Schwery, Dr. Klein or Dr. Janzen and specifically ordered the two agencies to implement the therapeutic plan outlined by Dr. Schwery.
On February 18, 1988 the trial court modified the disposition and awarded legal custody jointly to DHHR, DPSC/OJS and DHHR, Office of Human Development. *944 DHHR's motion for suspensive appeal was granted on February 29, 1988. Nevertheless, the court conducted a review hearing on March 2, 1988 despite objection by DHHR. On March 2, 1988 the court ordered custody of the child to DPSC, DHHR and Jefferson Parish Office of Juvenile Services (JPOJS). The court further ordered the minor to be placed in a secure residential facility and to undergo intensive therapy as a sexual perpetrator. DHHR also filed a suspensive appeal from that judgment.
DHHR now assigns the following errors:
1. The Juvenile Court erred when it directed orders to the Department of Health and Human Resources, after granting said agency suspensive appeals;
2. The Juvenile Court erred when it awarded joint legal custody of the minor to more than one agency;
3. The Juvenile Court erred when it awarded legal custody of the delinquent minor to DHHR after legal custody had already been vested with DPSC; and
4. The Juvenile Court erred when it ordered specific services to the minor which were not among resources currently available after initially assigning custody of the minor to an agency.
SUSPENSIVE APPEAL:
On February 29, 1988 the juvenile court granted appellant a suspensive appeal of the judgment of February 18, 1988. However, the court denied appellant's motion for stay of judgment and motion for continuance. Appellant applied to this Court for a motion to stay execution of judgment pending suspensive appeal. This Court denied the motion as moot. It ruled the granting of a suspensive appeal had the same effect as a stay order. State in Interest of J.A., 88-KM-144 (La.App. 5th Cir.1988).
Where procedures are not provided for in the juvenile code, the court must proceed in accordance to the Code of Civil Procedure. La.C.J.P. art. 24. State in Interest of Williams, 411 So.2d 517 (La.App. 1st Cir. 1982).
In Guillot v. City of Kenner, 326 So.2d 359, 362 (La.1976) the Louisiana Supreme Court noted: "In this suspensive appeal the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested and that of the appellate court attaches, `on the timely filing of the appeal bond.' La.C.Civ.P. art. 2088." See also Zion v. Stockfieth, 514 So.2d 224 (La.App. 5th Cir.1987) in which this Court ruled that once an order of appeal is granted and the appropriate appeal bond, if required, is filed, the trial court divested of jurisdiction and the appellate court gains jurisdiction. At this point any judgment signed by the trial court is void for lack of jurisdiction.
As the disposition of February 18, 1988 concerning the juvenile is being appealed the court has been divested of jurisdiction to render any further dispositions.
Therefore, the modification on March 2, 1988 of the earlier February judgment is null as the juvenile court no longer retained jurisdiction.
Accordingly this assignment of error has merit and we only consider the February 18, 1988 judgment as valid.
JOINT LEGAL CUSTODY:
The purpose of the juvenile courts as stated in La.C.J.P. art. 2 is:
The provisions of this Code shall be liberally construed to the end that each child coming within the jurisdiction of the court shall be accorded due process and shall receive, preferably in his own home, the care, guidance, and control that will be conducive to his welfare and the best interests of the state, and that in those instances when he is removed from the control of his parents, the court shall secure for him care as nearly as possible equivalent to that which the parents should have given him. These Code provisions shall be construed to secure simplicity in procedure, fairness in adjudication and administration, and the elimination of unjustifiable delay. (Emphasis added).
Once a child has been adjudicated a delinquent, the judge must render a disposition. *945 La.C.J.P. arts. 83 and 86 establish both the guidelines and parameters for disposition.
Article 83 in pertinent part states:
A. In cases in which a child has been adjudicated a delinquent the court may:
(1) Place the child in the custody of his parents or other suitable person under such terms and conditions as deemed in the best interests of the child and the public;
(2) Place the child on probation in the custody of his parents or other suitable person under such terms and conditions as deemed in the best interests of the child and the public;
(3) Order a child to attend any school as a condition of probation, if the school admits the child;
(4)(a) Commit a child adjudicated delinquent, and thirteen years of age or older at the time of the commission of the delinquent act or acts, to the custody of the Department of Safety and Corrections;
(b) Commit a child adjudicated delinquent, and under thirteen years of age at the time of the commission of the delinquent act or acts, to the custody of the Department of Public Safety and Corrections if the delinquent act or acts would have constituted a felony if committed by an adult;
(c) A commitment under (a) or (b) above may be accompanied by a court recommendation that the child be placed in alternative care facilities through the department's client placement process or referred to appropriate placement resources in the Department of Health and Human Resources;
(d) Impose a commitment to the Department of Public Safety and Corrections, pursuant to (a), (b), or (c) above, suspend the execution of the whole or part of the commitment, and place the child on probation. If the judgment of disposition suspends only a portion of the commitment, the child shall be placed on probation for that portion of the commitment so suspended.
(5) Commit a child found to be mentally defective to a public or private mental institution or an institution for the mentally defective.
(6) Commit a child to the custody of a private or public institution or agency.
(7) Defer or suspend execution of the judgment of disposition and place the child on probation under such terms and conditions as deemed in the best interests of the child and public. The court shall require as a condition of probation that the child:
(a) Perform court-approved community service activities; or
(b) Make reasonable restitution.
(8) Make such combination of the above dispositions or such other disposition as the court deems to be in the best interest of the child.
Article 86 provides:
A. The court should impose the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society. The court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.
B. If the court commits a child to a private institution or agency, it shall select one that has been licensed under state law. Where no institution, social agency, or association so licensed for care or placement of children is available to the court, the court may commit the child to some other institution, social agency, or association which in the court's judgment is suitable for such child.
C. In committing a child to the custody of an individual or a private agency or institution, the court shall, whenever practicable, select a person, agency, or institution of the same religious faith as the child or his parents.
D. A child shall not be committed to a public or private mental institution or institution for the mentally defective unless the court finds, based on psychological or psychiatric evaluation, that the *946 child has a mental disorder, other than mental retardation, which has a substantial adverse effect on his ability to function and requires care and treatment in an institution.
E. A child shall not be committed to a public or private institution for the mentally retarded unless the court finds, based on psychological or psychiatric evaluation, that the child is mentally retarded and such condition has a substantial adverse effect on his ability to function and requires care and treatment in an institution.
F. A child may be placed by the court in the custody of a relative or other responsible individual which for the purpose of the review hearing as provided for in R.S. 46:2427 et seq. shall be considered a permanent plan.
G. The Department of Public Safety and Corrections shall have the sole custody of a child committed to the department under this Chapter and shall determine the placement, care, and treatment of the child, and the expenditures to be made therefor. (emphasis added and footnote omitted).
In the present case the juvenile was adjudicated a delinquent. The judge rendered a disposition ordering placement of the juvenile in the custody of the Department of Public Safety and Corrections, Office of Juvenile Services. Upon review, the disposition was modified to reflect that legal custody was awarded jointly to DPSC (Office of Juvenile Services) and DHHR (Office of Human Development). Appellant argues the court does not have jurisdiction to award joint legal custody.
In discussing these assignments it is important to understand what is meant by legal custody. R.S. 13:1569(11) provides:
`Legal Custody' means a legal status created by court order which vests in a custodian the right to have physical custody of the child or minor and to determine, where and with whom he shall live within or without the state, and the right and duty to protect, train, and discipline him and to provide him with food, shelter, education and ordinary medical care, all subject to the powers, rights, and duties and responsibilities of the guardian of the person of the child and subject to any residual parental rights and responsibilities; provided that when the state of Louisiana is the party to whom custody is given, the state may authorize necessary medical treatment and/or emergency major medical treatment, if the attending physician certifies that the medical care is necessary to treat the health problem or it is an emergency medical situation. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by the court. (emphasis added).
It is clear that legal custody includes physical custody. La.R.S. 13:1580 provides:
A. Notwithstanding any provision of law to the contrary, including but not limited to any provision of the Code of Juvenile Procedure, when a child is referred to the Department of Health and Human Resources or the Department of Public Safety and Corrections for care and treatment, and when such care and treatment are to be provided by these departments either through facilities and programs operated by these departments or through contractual arrangements pursuant to R.S. 15:1083 and 1084, the child shall be assigned to the exclusive custody of the department rather than to a particular institution or facility. The department shall have sole authority over the placement, care, treatment, or any other considerations deemed necessary for children judicially committed to the department.
B. This provision for the assignment of custody shall apply regardless of whether the care and treatment are provided directly by the respective departments or through purchase of service arrangements for which the respective departments provide funding.
C. The Department of Health and Human Resources or the Department of Public Safety and Corrections, as the case may be, shall have authority to select *947 the types of services and service setting from the resources that are available which are most appropriate to the child's needs.
D. The respective department shall place the child in that setting within thirty days after the necessary evaluations have been completed and submitted to the appropriate department unless the court after written notification and for good cause shown grants an ex parte extension of time to place the child.
E. The court shall not divide legal and physical custody of a child when assigning custody to a department in accordance with this Section or in accordance with any other statute or provision of law.
This statute sets out some of the limitations on the judiciary in rendering a disposition. Sections A and C both discuss situations with either DHHR or DPSC not the combination of the two agencies. Section E specifically prohibits the division of physical and legal custody. In the present case, the court gave custody to both DHHR and DPSC.
As previously stated, once the court awarded custody to DPSC that agency has sole custody and it alone shall choose the appropriate placement care and treatment of the child. La.C.J.P. art. 86(G).
The Louisiana Supreme Court in State in Interest of Sapia, 397 So.2d 469 (La.1981) wrote:
C.J.P. arts. 84 and 85 give the juvenile court the power and authority to assign custody of a child adjudged in need of care or supervision to any person or agency, whether public or private, which it deems will serve the best interest of the child. R.S. 13:1580 gives the Department of Health and Human Resources the authority to place a child in the facility which it determines will serve the child's best interests where the child has been initially referred to the Department for treatment and assigned to their custody by the juvenile court. Therefore, the juvenile court judge initially determines where custody of the child shall be assigned. Once the judge determines the custody of the child should be assigned to the Department of Health and Human Resources, and so assigns custody of the child, the Department then has the authority to determine where the child should be placed. If the court determines that the child is not being properly cared for it may remove custody from the Department and place it elsewhere. [emphasis in original].
Id. at 473.
The court's modification of disposition should not have granted joint custody between DHHR and DPSC. The court has a right to modify its disposition bearing in mind the best interest of both the child and society. State in Interest of J.M., 490 So.2d 444 (La.App. 5th Cir.1986). However, the court is limited in the manner of disposition. The statutes prohibit the awarding of joint custody.
VESTING OF CUSTODY:
Appellant argues that as the juvenile was adjudicated a delinquent the court should not include DHHR in its disposition.
In support of this position appellant presents the duties of DPSC as well as the guidelines of disposition as established by La.C.J.P. art. 83.
La.R.S. 46:1906 provides the duties of DPSC with regard to children adjudicated delinquent. It states in part:
A. With respect to children adjudicated delinquent and children in need of supervision, as determined by a court of competent jurisdiction and in addition to the provisions of R.S. 46:1905, the department shall:
(1) Accept legal custody on the day of disposition of all children placed in it by the court pursuant to the provisions of R.S. 13:1561 through R.S. 13:1699, both inclusive; and
(2) Provide services pursuant to this Chapter over such children as are placed on probation or determined to be in need of supervision by the court pursuant to the provisions of R.S. 13:1561 through R.S. 13:1699, both inclusive, and in accordance with the provisions of R.S. *948 46:1251 through R.S. 46:1256, both inclusive.
Appellant's argument that DPSC is the proper custodian for children adjudicated delinquent is well grounded. However, the assertion that the awarding of custody to DHHR is beyond the limits of the legislation is erroneous.
The juvenile court may "[c]ommit a child to the custody of a private or public institution or agency." La.C.J.P. art. 83(A)(6). The court may "[m]ake such combination of the above dispositions or such other disposition as the court deems to be in the best interest of the child." La.C.J.P. art. 83(A)(8). (emphasis added).
Clearly the statute allows for the possibility of DHHR being awarded custody of the minor although the court should not place custody jointly in DHHR and DPSC.
Accordingly, this assignment lacks merit.
ORDERING SPECIFIC SERVICES:
Appellant argues the court's order of disposition specifying the type of facility the child should be placed in and the type of therapy the child should undergo usurps the powers specifically delegated to either DHHR or DPSC.
Appellant correctly relies on La.R.S. 13:1580(A), La.C.J.P. art. 86(G), and the cases of State in Interest of J.M., supra, and State in Interest of Sapia, supra, in which the court clarified that the agency in which custody was assigned has the authority to select the appropriate setting and treatment.
In the present case, the court awarded custody to several agencies and further instructed those agencies as to the manner of treatment and placement for the juvenile.
Clearly, the orders of specific treatment are prohibited by State in Interest of Sapia, supra.
Accordingly, for the reasons stated, the judgment dated March 2, 1988 is declared to be invalid and the judgment of February 18, 1988 ordering joint custody to DPSC/OJS and DHHR/OHD and any and all agencies which fall under the authority of those departments is reversed and set aside. The proceedings are remanded[1] to the trial court for a disposition hearing in accordance with the views expressed herein.
REVERSED AND RENDERED; REMANDED.
NOTES
[1] We note that appellee raises for the first time in brief a plea of unconstitutionality. He argues that legislation impeding the authority of the court to enforce the rights of a minor is unconstitutional. Since the issue of unconstitutionality was never raised below we cannot address it on appeal. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984). However, appellee is not precluded from raising the plea of unconstitutionality in accordance with law on our remand to the trial court if deemand necessary.