WICKER, Judge.
This matter involves a juvenile proceeding in which R.U., the minor, initially admitted to the offenses of La.R.S. 14:95, Illegal Carrying of Weapons and La.R.S. 14:110, Simple Escape. R.U. was committed to the Department of Public Safety and Corrections (DPSC) for a total of one and one-half years. After several sentencing reviews, the juvenile court ordered DPSC, Jefferson Parish Department of Juvenile Services (JP/DJS) and the Department of Health and Human Resources — Office of Human Development (DHHR/OHD) to serve as joint custodians of the minor. Thus, legal custody is now with three governmental agencies.
DHHR moved for a discharge of the minor from their custody which was denied by the trial court. It now appeals the adverse ruling. We reverse and remand.
DHHR assigns the following errors:
1. That the trial court erred when it awarded joint custody to more than one agency, and
2. That the trial court erred when it awarded legal custody of the delinquent minor to DHHR after commitment of the delinquent minor to DPSC.
We recently addressed these identical issues in State in Interest of J.A., 532 So.2d 943, 947 (La.App. 5th Cir.1988) wherein we held “[t]he court’s modification of disposition should not have granted joint custody [since] statutes prohibit the awarding of joint custody.” [Emphasis added]. See, La.C.J.P. arts. 83, 86; La.R.S. *493 13:1569(11); La.R.S. 13:1580; State in Interest of Sapia, 397 So.2d 469 (La.1981).
Furthermore, in State in Interest of J.A., supra at 948 we held:
The juvenile court may “[cjommit a child to the custody of a private or public institution or agency.” La.C.J.P. art. 83(A)(6). The court may “[m]ake such combination of the above dispositions or such other disposition as the court deems to be in the best interest of the child.” La.CJ.P. art. 83(A)(8). [emphasis in original].
Clearly the statute allows for the possibility of DHHR being awarded custody of the [delinquent] minor although the court should not place custody jointly in DHHR and DPSC.
Accordingly, this assignment lacks merit.
For the reasons stated the ruling of April 21, 1988 maintaining joint custody of the minor to DPSC/OJS, JP/DJS and DHHR/OHD is reversed. The order of April 14, 1988 making DHHR an additional joint custodian is also reversed. The proceedings are remanded to the trial court for a disposition hearing in accordance with the views expressed herein.
REVERSED AND RENDERED; REMANDED.