CHEHARDY, Chief Judge.
The Department of Health and Human Resources, State of Louisiana, appeals a juvenile court judgment of disposition in which the court awarded joint custody of a delinquent minor to multiple agencies. We reverse, for the reasons that follow.
On March 31, 1988, following an adjudication of delinquency against R.B. Jr. on the charge of violation of LSA-R.S. 14:30.1, second degree murder, the juvenile was sentenced to the Department of Public Safety and Corrections/Louisiana Training Institute until the age of 21. Execution of the sentence was suspended and he was placed on active probation until his 18th birthday. Further, the court awarded custody of the juvenile jointly to the Department of Public Safety and Corrections/Office of Juvenile Services (DPSC/OJS), the Jefferson Parish Department of Juvenile Services (JP/DJS), and the Department of Health and Human Resources (DHHR).
The minute entry of April 5, 1988, reflects the court ordered the juvenile be released to the physical custody of his uncle; the court also placed limitations on visitation between the juvenile and his father.
The minute entry of April 15, 1988, states the court entered the following judgment: “Upon the court’s own motion let the minute entry of 3/31/88 be clarified to reflect the following: custody previously awarded to DHHR is hereby revoked. Custody awarded to DPSC/OJS, JP/DJS and DHHR/OMH.” On the same date orders were issued in compliance with that judgment.
Also on April 15, 1988, DHHR filed a motion for a suspensive appeal from the judgment of March 31, 1988. The order of appeal was not signed until April 20, 1988. No appeal was taken from the April 5 and April 15, 1988, judgments.
On appeal, DHHR has made the following assignments of error:
“1. The Juvenile Court erred when it directed orders to the Department of Health and Human Resources, after granting said agency suspensive appeals. Jurisdiction of the Juvenile Court had been divested upon the granting of the agency’s first suspensive appeal on April 20, 1988.
“2. The Juvenile Court erred when it awarded joint legal custody of the minor to more than one agency.
“3. The Juvenile Court erred when it awarded legal custody of the delinquent minor to the Department of Health and Human Resources, after commitment of the delinquent minor to the Department of Public Safety and Corrections.”
Regarding the juvenile court’s authority to issue the orders of April 5 and April 15, 1988, we point out that the orders in question were issued prior to the signing of the order of appeal. Thus, the juyenile court had not yet been divested of jurisdiction over the matters reviewable under the appeal. LSA-C.C.P. art. 2088; see also, LSA-C.J.P. art. 100, LSA-C.C.P. art. 2121. Accordingly, the court did not err in issuing those orders.
The conclusion that the later judgments were validly issued, however, raises a question concerning our jurisdiction. Article 89 of the Code of Juvenile Procedure provides that a judgment of disposition shall remain in force until it expires by its own terms, is modified, or is vacated.
The judgments of April 5th and April 15th were modifications of the judgment of March 31st. As such, they had the effect of revoking and replacing the earlier judgment. Because this is an appeal from a judgment that was superceded by later judgments prior to the signing of the order of appeal, it appears on its face to be a moot appeal.
On the other hand, although the April judgments modified the March 31st judgment in some respects, they did not change other features of its substance. In addition, the major aspect of the March 31st judgment challenged by DHHR on appeal remains the same under the subsequent judgments — to wit, the juvenile court’s *728 grant of joint custody to several state agencies, including DHHR.
Accordingly, we conclude the appeal should be maintained, as no other party is prejudiced by the misstatement of the date in the order of appeal. See DOTD v. Estate of Summers, 527 So.2d 1099 (La.App. 1 Cir.1988).
On the merits of the appeal, we find the juvenile court erred in assigning custody of the juvenile jointly to the DPSC and other agencies. LSA-C.J.P. art. 86 states, in pertinent part,
“G. The Department of Public Safety and Corrections shall have the sole custody of a child committed to the department under this Chapter and shall determine the placement, care, and treatment of the child, and the expenditures to be made therefor.”
In addition, LSA-R.S. 13:1580 provides, in pertinent part:
“A. [Wjhen a child is referred to the Department of Health and Human Resources or the Department of Public Safety and Corrections for care and treatment, and when such care and treatment are to be provided by these departments either through facilities and programs operated by these departments or through contractual arrangements pursuant to R.S. 15:1083 and 1084, the child shall be assigned to the exclusive custody of the department rather than to a particular institution or facility. The department shall have sole authority over the placement, care, treatment, or any other considerations deemed necessary for children judicially committed to the department.
* * * % * *
“E. The court shall not divide legal and physical custody of a child when assigning custody to a department in accordance with this Section or in accordance with any other statute or provision of law.”
Considering the limitations placed on dispositions by C.J.P. art. 86 and R.S. 13:1580, it is plain the court erred in placing joint custody with DHHR and JP/DJS after it had assigned custody to DPSC. State in Interest of Sapia, 397 So.2d 469 (La.1981).
DHHR also contends the juvenile court has no authority to place juveniles adjudicated delinquent in DHHR’s custody, arguing that delinquents may be placed only in the custody of DPSC. This contention is erroneous.
The Code of Juvenile Procedure clearly contemplates the possibility of DHHR’s being awarded custody of a delinquent minor. Under LSA-C.J.P. art. 83(A)(6), the juvenile court may commit a child to the custody of a private or public institution. Under LSA-C.J.P. art. 83(A)(8), the court may make such other dispositions as the court deems to be in the best interest of the child. Thus, assigning custody of a delinquent child to DHHR is not per se erroneous, but such dispositions are subject to the limitations otherwise placed on the court, as discussed above.
For the foregoing reasons, the judgments of disposition rendered by the juvenile court on March 31, 1988, and April 15, 1988, are hereby vacated. The case is remanded and the juvenile court is ordered to render a new judgment of disposition in accordance with the law consistent with the views expressed herein.
JUDGMENTS OF MARCH 31, 1988, AND APRIL 15, 1988, VACATED; CASE REMANDED.