pMcMANUS, Judge.
STATEMENT OF THE CASE AND FACTS
The Department of Public Safety and Corrections (DPSC) appeals a juvenile court’s judgment which, while it suspends a commitment, places S.D., a sixteen-year-old juvenile, in the custody of the DPSC as a condition of probation. The DPSC also complains that the disposition fails to specify any term of commitment to the DPSC.[1]
On February 23, 2001, the State filed a petition against S.D. (D.O.B. 9/21/84), alleging that she had violated LSA-R.S. 14:67.10, by committing a theft of goods valued at between $100.00 to $500.00 from Mervyn’s, and that she had violated LSA-R.S. 14:108, resisting an officer. On March 1, 2001, the State amended the petition to allege that the value of the goods was less than $100.00. After being advised of her constitutional rights, S.D. entered an admission to the amended allegation, and the State dismissed the allegation regarding LSA-R.S. 14:108.
The facts of the theft offense are as follows. The amended petition alleged S.D. committed theft of goods from Mer-vyn’s Department Store. According to the psychological evaluation, S.D. said she was with two of her friends at Mervyn’s | ¡¡Department Store when one of the friends placed clothing in a bag. When the police came, that friend ran away, and left S.D. and the other friend behind. On S.D.’s Waiver Of Rights And Plea Of Guilty form, she states that she is admitting guilt, “[Bjeeause I did it.”
On April 24, 2001, a pre-disposition investigation report was filed by Probation Officer Ramona Graham. This report contains both psychological and psychiatric evaluations that were conducted on S.D. The Social History section of the report indicates that S.D. is one of twelve children and that her parents never married. Her father was incarcerated when she was born, and her mother did not know the *1140 father’s address at the time of the predisposition investigation.
S.D. had run away from home on four occasions, and has spent four to five years of her life in foster care. In 1992, S.D. was placed in the custody of the Office of Community Services because of her mother’s drug history and lack of supervision. She returned to her mother’s home in 1996. In October of 2000, S.D. was expelled from high school, and was failing all her courses except for physical education, in which she had a “D” average. According to the report, S.D. still wets the bed nightly.
Both the psychological and psychiatric evaluations are attached to the pre-disposition investigation report. The psychologist recommended that S.D. should be placed with a relative other than her mother or, alternatively, that S.D. be placed in a group home. The psychiatrist also recommended out-of-home placement, preferably in a group home.
The report recommended among other things, that S.D. should receive an appropriate, suspended sentence with the DPSC, that S.D. should be placed on active probation, that S.D. should be placed in the state’s custody for purposes of placement in a residential treatment facility, and that S.D. should comply with general and specific conditions of probation.
pOn April 26, 2001, after reviewing the report and hearing the testimony of Ms. Graham, the juvenile court judge placed S.D. on active probation for two years. Pursuant to a probation contract executed that day, as a special condition of probation, the court ordered S.D. to be placed in the “State’s custody for purposes of placement in a residential treatment facility.” In a separate order, the court took protective custody of the juvenile and placed S.D. in the custody of the Department of Public Safety and Corrections/Office of Youth Development (DPSC/OYD) pending further orders of the court.
JURISDICTIONAL NOTE
We must address a preliminary issue here—whether this Court has appellate or supervisory jurisdiction over this matter. We note that the DPSC was unsure whether to invoke our appellate or supervisory jurisdiction. On May 14, 2001, the DPSC filed a motion to set a return date for filing a supervisory writ application or, alternatively, for an appeal. On May 16, 2001, the juvenile court judge set June 16, 2001, as the return date for an appeal, and May 26, 2001, as the return date for filing a writ application.
It appears that the appropriate method of review in this case is by way of appeal. The Louisiana Children’s Code article 330 provides that the following judgments are appealable:
A. An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal.
B. In delinquency proceedings pursuant to Title VIII, child in need of care proceedings pursuant to Title VI, and families in need of services proceedings pursuant to Title VII, an appeal may be taken only after a judgment of disposition. The appeal shall include all errors assigned concerning the adjudication and disposition.
Article 903 of the Children’s Code outlines the requirements for a judgment of disposition in pertinent part:
PB. The court shall enter into the record a written judgment of disposition specifying all of the following:
(1) The offense for which the child has been adjudicated a delinquent.
(2) The nature of the disposition.
(3) The agency, institution, or person to whom the child is assigned.
*1141 (4) The conditions of probation, if applicable.
(5) Any other applicable terms and conditions regarding the disposition.
(6) The maximum duration of the disposition and, if committed to the custody of the Department of Public Safety and Corrections, the maximum term of the commitment.
C. The order of commitment may require the department to take physical custody of a child adjudicated a delinquent, committed to its custody pursuant to Article 897(D) or Article 899(D), and recommended by the court or the department for assignment to a secure program or facility, within fourteen days from the date of the court’s signing of the judgment of disposition when the child is in or is going to be placed in the physical custody of a parish juvenile facility. If a court modifies a judgment of disposition, in accordance with Chapter 17, and gives the department custody of the adjudicated delinquent, the provisions of this Article and R.S. 15:901 apply.
D. An extract of the minutes of court specifying the information required by Paragraph B of this Article and signed by the court shall be considered a written judgment of disposition.
(Emphasis added).
Although the disposition is invalid (as discussed below), the minute entry seems to constitute a disposition from which the right of review is by appeal.
Therefore, the motion for appeal having been timely filed in the instant matter, we will review this matter as an appeal.
ASSIGNMENT OF ERROR NUMBER ONE
As its first assignment of error, the DPSC argues that it is an error of law for a court exercising juvenile jurisdiction to place a child in custody as ^[¿condition of probation. The DPSC contends that the juvenile court judge lacked statutory authority to place S.D. in the state’s custody as a condition of probation. According to the DPSC, it is inherently contradictory to put the child on probation and award custody of the child to the DPSC as a condition of probation. We agree.
Once a child has been adjudicated a delinquent for a misdemeanor-grade act, LSA-Ch.C. art. 899 establishes the options available to a court in fashioning a disposition:
A. After adjudication of a misdemean- or-grade delinquent act, the court may:
(1) Reprimand and warn the child and release him into the custody of his parents either unconditionally or subject to such terms and conditions as deemed in the best interests of the child and the public.
(2) Reprimand and warn the child and release him into the custody of some other suitable person either unconditionally or subject to such terms and conditions as deemed in the best interests of the child and the public. The court shall, whenever practicable, select a person of the same religious faith as the child or his parents.
(3) Place the child on probation in the custody of his parents or other suitable person.
B. As conditions of probation, if ordered pursuant to Subparagraph A(3) of this Article:
(1) The court shall impose all of the following restrictions:
(a) Prohibit the child from possessing any drugs or alcohol.
(b) Prohibit the child from engaging in any further delinquent or criminal activity.
(2) The court may impose any other term and condition deemed in the best *1142 interests of the child and the public, including:
(a) A requirement that the child attend school, if the school admits the child. |fi(b) A requirement that the child perform court-approved community service activities.
(c) A requirement that the child make reasonable restitution to any victim for any personal or property damage caused by the child in the commission of the delinquent act.
(d) A requirement that the child participate in any program of medical or psychological or other treatment found necessary for his rehabilitation.
(e) A requirement suspending or restricting the child’s driving privileges, if any, for all or part of the period of probation. In such cases, a copy of the order shall be forwarded to the Department of Public Safety and Corrections, which shall suspend the child’s driver’s license or issue a restricted license in accordance with the order of the court.
(f) A requirement prohibiting the child from possessing a firearm or carrying a concealed weapon.
(g) A requirement that the child pay a monthly supervision fee of not less than ten nor more than one hundred dollars per month, payable to the Department of Public Safety and Corrections or other supervising agency, to defray the cost of supervision. The court may order a parent, tutor, guardian, or other person who is financially responsible for the care of the child to be responsible for payment of all or part of any supervision fee imposed.
C. The court may commit the child to the custody of a private or public institution or agency. When commitment is to be made to a private institution or agency, the court shall:
(1) Select one that has been licensed under state law, if licensure is required by law for such an institution or agency.
(2) Whenever practicable, select an agency or institution of the same religious faith as the child or his parents.
D. If the child is thirteen years of age or older at the time of the commission of the delinquent act, the court may commit the child to the custody of the Department of Public Safety and Corrections, with or without a recommendation that the child be placed in alternative care facilities through the department’s client placement process or be referred to appropriate placement resources in the Department of Social Services.
|7E. The court may impose but suspend the execution of the whole or part of any authorized order of commitment and place the child on probation subject to any of the terms and conditions authorized under Paragraph B of this Article.
Thus, under this article, the juvenile court judge may place the child in the custody of his parents or some other suitable person, place the child on probation in the custody of his parents or some other suitable person, commit the child to a [non-DPSC] private or public institution or agency, or commit the child to the custody of the DPSC if the child is at least thirteen at the time of the delinquent act.
When the child is committed to the custody of the DPSC, paragraph D allows the court to recommend “that the child be placed in alternative care facilities through the department’s client placement process or be referred to appropriate placement resources in the Department of Social Services.” Finally, paragraph E allows the court to impose and suspend any part of the order of commitment and place the child on probation subject to the conditions in paragraph B.
*1143 In extensive written reasons, the juvenile court judge asserts that LSA-Ch. C. art. 899(A)(3) authorizes the court to put S.D. on probation directly without imposing a specified sentence and suspending an order of commitment to the DPSC. The juvenile judge contends that because the DPSC is a juridical person, the Department therefore falls within the definition of an “other suitable person” contemplated by subsection A(3).[2] However, we can’t agree that the DPSC would qualify as an “other suitable person” under LSA-Ch.C. art. 899(A)(3). We hdo not read the statute as allowing as much, nor do we find any other support for this proposition.
We start our discussion with State ex rel A.M., 98-2752 (La.7/2/99), 739 So.2d 188, 190, in which the Louisiana Supreme Court reiterated the guidelines for statutory interpretation:
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of the government. Touchard v. Williams, 617 So.2d 885 (La.1993). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written and no interpretation may be made, but when the words of a law are ambiguous, their meaning must be found by examining their context and the text of the law as a whole. La. Civ.Code arts. 9, 12. Further, it is a well-recognized and long-established rule of statutory construction that a statute should be interpreted as a whole to effect the legislative intent and should be construed in such way as to reconcile, if possible, apparent inconsistencies or ambiguities so that each part is given ef-feet. State v. Cazes, 262 La. 202, 263 So.2d 8, 12 (La.1972). Finally, the paramount consideration in interpreting a statute is ascertaining the legislature’s intent and the reasons that prompted the legislature to enact the law. Garrett v. Seventh Ward Hosp., 95-0017 (La.9/22/95), 660 So.2d 841.
Further, the Louisiana Supreme Court stated in First Nat’l Bank of Boston v. Beckwith Machinery Co., 94-2065 (La.2/20/95), 650 So.2d 1148, 1153 that “[cjourts should give effect to all parts of a statute, and not adopt a construction making any part superfluous or meaningless, if that result can be avoided.” Finally, to rephrase, and to emphasize, one of the principles set out in State ex rel A.M., cited immediately above, “a construction that raises a conflict between the provisions of a statute should be avoided” when the court can otherwise implement the legislature’s intent. Johnson v. Collector of Revenue, 246 La. 540, 165 So.2d 466, 476 (1964).
LSA-Ch.C. art. 899(D) allows a court to award custody to the DPSC if the child was at least thirteen years of age at the time the delinquent act is committed. Therefore, for these minors, paragraph D would be superfluous if |n“other suitable person” in paragraph A(3) is understood to allow the DPSC to take custody as a condition of probation. And, since the custody in section D is conditioned on the minor having achieved a certain age, an inconsistency is created if we read the statute to also include a section under which custody of any minor, at any age, may be awarded to the DPSC as a condition of probation.
*1144 We also note that placement in the DPSC’s custody is not listed in section B of the statute, which lists permissible conditions of probation. Section B(2) notwithstanding, the statute does not list commitment to any “private or public institution or agency” as a condition of probation. Though the legislature could easily have listed custody with the DPSC as a possible condition of probation, they did not do so. And only a strained reading of the statute would allow as much through the device of classifying the DPSC as a “suitable person.” We don’t understand, if the legislature meant to allow what the juvenile judge prescribed, why they would have expressed their intent in such a roundabout way and in a provision that creates a conflict within the statute.
We find, in addition, other statutory in-dicia that the legislature did not envision such an arrangement as the one ordered here. We agree with the DPSC’s reading of LSA-R.S. Ch.C. art. 116. Probation is a status. Probation is a regimen under which “a child is permitted to remain in a community subject to supervision by a probation officer.” LSA-Ch.C. art. 116(21) (emphasis supplied). Custody, on the other hand, contemplates physical custody, such matters as training and discipline of the minor, medical care, and other various rights originally vested in the child’s parents. See State in Interest of J.A, 532 So.2d 943, 946 (La.App. 5 Cir. 1988).
The two discrete arenas of the DPSC’s duties are further detailed in LSA-R.S. 46:1906 (set out in part):
A. With respect to children adjudicated delinquent and children in need of supervision, as determined by a court of competent jurisdiction and in addition to the | ^provisions of R.S. 46:1905, the department shall:
(1) Accept legal custody on the day of disposition of all children placed in it by the court pursuant to the provisions of R.S. 13:1561 through R.S. 13:1699, both inclusive; and
(2) Provide services pursuant to this Chapter over such children as are placed on probation or determined to be in need of supervision by the court pursuant to the provisions of R.S. 13:1561 through R.S. 13:1699, both inclusive, and in accordance with the provisions of R.S. 46:1251 through R.S. 46:1256, both inclusive.[3]
The DPSC, therefore, is responsible to either take custody of minors or to provide services for those on probation, and we are not convinced that the legislature envisioned the DPSC functioning in both capacities simultaneously on behalf of any individual minor.
Finally, we must also disagree that there is precedent that would allow the juvenile judge to interpret the cited statute as she has done. Although the juvenile court judge’s reasons assert that State in Interest of R.B., Jr., 538 So.2d 726 (La.App. 5 Cir.1989) nd State in Interest of J.A., cited above, provide support for the proposition that “other suitable person” includes the DPSC, careful examination reveals that these cases do not support the juvenile court judge’s interpretation. In *1145 both of these eases, the juveniles were adjudicated delinquent for felony-grade acts, received suspended sentences to the DPSC, and were placed on active probation. R.B., 538 So.2d at 727; J.A., 532 So.2d at 943.
The state’s precise complaint in both R.B. and J.A. was that the juvenile court judge had improperly awarded joint custody of the juveniles to the DPSC and the Department of Health and Human Resources (DHHR). The DHHR |¶1 argued that the juvenile court judge was without authority to assign joint legal custody to the DHHR and DPSC, and this Court agreed. However, this Court rejected the DHHR’s argument that the DPSC was the sole proper custodian for delinquent children. This Court reasoned that a juvenile court judge could commit a delinquent child to the DHHR under the authority of former Code of Juvenile Procedure art. 83(A)(6), which provided that the child could be committed to the custody of a private or public institution or agency.[4] R.B., 538 So.2d at 728; J.A., 532 So.2d at 947-948.
In the instant case, the juvenile court judge reasoned that “if DHHR can be awarded custody for purposes of a minor’s probationary placement, the law also supports awarding custody to the DPSC for purposes of probationary placement.” However, this reasoning is flawed, first, because neither R.B. nor J.A. was directly placed on probation — both were committed to the DPSC for specified periods of time with suspended sentences. Moreover, in both cases our Court specifically relied, in affirming placement of both juveniles with the DHHR, on former article 83(A)(8) — a provision in the former article which allowed the juvenile judges to “make such combination [of the article’s other provisions] dispositions or such other disposition as the court deems in the best interest of the child” (emphasis supplied). The present article does not contain a provision authorizing a “ ‘combination’ disposition”— a fair characterization of the order in question. And finally, in neither case did this Court hold that a public agency is somehow a juridical person as contemplated by former Code of Juvenile Procedure article 83(A)(2), the provision of the Code that allowed a court to place |1?a delinquent child on probation in the custody of his parents or other suitable person.[5]
All things considered, we find that the juvenile judge was in error to .place .S.D. in the DPSC’s custody as a condition of probation.
ASSIGNMENT OF ERROR NUMBER TWO
By this assignment, the DPSC contends that the trial judge lacked authority to place S.D. in the custody of the DPSC without specifying a maximum term of commitment, as required by LSA-Ch.C. art. 903(B)(6). The DPSC is correct; the disposition is infirm for this reason.
*1146 LSA-Ch.C. art. 903(B)(6) requires the disposition to specify “[t]he maximum duration of the disposition and, if committed to the custody of the Department of Public Safety and Corrections, the maximum term of the commitment.” (Emphasis added). See also LSA-R.S. 15:901B. Further, article 900(A) of the Children’s Code governs the duration of a disposition as follows:
A. No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the offense which forms the basis for the adjudication, except that if the child is placed on probation, the term of probation may extend for a maximum of two years. The court shall give a child credit for time spent in secure detention prior to the imposition of disposition.
When read together, these articles provide that when a child who has been adjudicated delinquent is placed in the custody of the DPSC, the disposition must specify the maximum length of the term of commitment to the DPSC. And the maximum time spent in DPSC’s custody cannot be greater than the maximum term of imprisonment for the offense forming the basis of the adjudication, except 113that the term of probation may be up to two years when the delinquent child is placed on probation.
In the instant case, the disposition is deficient because it places the child in the custody of the DPSC, but fails to specify a maximum term of commitment as specifically required by LSA-Ch.C. art. 903(B)(6). Further, the disposition fails to comply with LSA-Ch.C. art. 900, since it allows a judgment of disposition to remain in force for longer than six months, which is the maximum sentence of imprisonment for theft under $100.00, the offense forming the basis of S.D.’s adjudication. See LSA-R.S. 14:67.10(B)(3).
For these reasons, we also find the disposition in the instant matter insupportable.
ERROR PATENT DISCUSSION
Although there is no statutory provision that affirmatively grants courts the authority to review juvenile delinquency proceedings for patent error, such a review has been conducted in the past. State in Interest of B.J., 617 So.2d 238, 243 (La.App. 5 Cir.1993).
Accordingly, the record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
We find no patent errors.
CONCLUSION
We do recognize that juvenile court judges have great discretion in juvenile matters owing to the special nature of the proceedings. Further, we acknowledge that courts are particularly required to balance the needs of the child with the best interest of society. See State in the Interest of R.C., 95-997, 96-167 (La.App. 5 Cir. 10/1/96), 683 So.2d 782, 784. It is clear in this case that the judge attempted to devise a disposition to meet the needs of S.D., and we |14laud her good intentions. However, the disposition as entered is not authorized by law: the trial judge is bound, as are we, by legislative mandate.
The judge may place S.D. on probation directly only by placing S.D. on probation in the custody of her mother or some other natural person pursuant to LSA-Ch.C. art. 899(A)(3). Or, if the juvenile court judge wishes to place S.D. in the custody of the DPSC, the court must specify a maximum term of commitment, as required by LSA-Ch.C. art. 903(B)(6), which term may not exceed the maximum term *1147 of disposition as allowed under LSA-Ch.C. art. 900(A).
Therefore, for the above reasons, the disposition, the conditions of probation, and the order granting custody of S.D. to the DPSC are hereby vacated. On remand, if the juvenile court judge wishes to again enter a disposition that includes a period of probation for the minor, custody with the DPSC may not be imposed as a condition of this probation. Or, if the judge imposes a period of custody with the DPSC, such custody must be properly limited in duration.

DISPOSITION AND CONDITIONS OF PROBATION VACATED.

. We note another recent matter that involved similar circumstances. State ex rel. A.H., 01-427, 01-416 (La.App. 5 Cir. 6/27/01), 793 So.2d 362. In A.H., however, the minor's probation was ultimately revoked, so the issues presented there differed somewhat from the ones we review here.

. LSA-C.C. art. 24 provides as follows:
There are two kinds of persons: natural persons and juridical persons.
A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.

. LSA-R.S. 46:1905 describes the powers and duties of the DPSC regarding juvenile services; LSA-R.S. 13:1561 through 13:1699 (largely repealed) contain regulations governing the compositions of the various juvenile courts and other related personnel matters; LSA-R.S. 46:1251 through 46:1256 implement procedures to be employed by the DPSC relative to juvenile probation and parole services. An amendment to LSA-R.S. 46:1906, made during the most recent legislative session, has no bearing on the instant matter and does not affect the outcome here. 2001 La. Acts 1018.

. Effective January 1, 1992, the Louisiana Children's Code replaced the Code of Juvenile Procedure. However, many articles of the Code of Juvenile Procedure were the source for the Children's Code. For example, C.J.P. art. 83(A)(6) formerly provided that the court could “Commit a child to the custody of a private or public institution or agency” and LSA-Ch.C. art. 899(C) is essentially the same provision as former Article 83(A)(6). The pertinent text of former C.J.P. article 83 is found in State in the Interest of J.A., 532 So.2d at 945.

. According to comment (a) to LSA-Ch.C. art. 899, former Code of Juvenile Procedure article 83(A)(2) is the source provision for Article 899(A)(3), the provision of law that the juvenile judge contends permits placement of S.D. on probation in the custody of the DPSC as an “other suitable person.” See comment (a) to LSA-Ch.C. art. 899.