MURRAY, J.,
concurs with reasons.
Li agree with the majority opinion and the juvenile court judge that a juvenile cannot be declared delinquent for violation of La. R.S. 14:95.8 because that statute criminalizes the mere intentional possession of a handgun by a juvenile. Because an adult generally cannot be charged with the mere intentional possession of a handgun, this conduct does not fit the parameters of the statutory definition of delinquency set forth in La. Ch. C. art. 804(3).[1] Article 804(3) defines a “delinquent act” to mean “an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state.”
It is within the Legislature’s prerogative to establish that it is illegal for a person under the age of seventeen to possess a handgun. Not allowing a person under *927 the age of seventeen to possess a handgun serves a legitimate governmental interest. By creating an exception for circumstances in which that interest is not implicated, such as those recognized in La. R.S. 14:95.8(0, the Legislature has acted in the least restrictive manner. The statute, therefore, is not unconstitutional. However, the Legislature has failed to provide any consequences for the violation |2of La. R.S. 14:95.8 other than a “family in need of services” (FINS) adjudication under La. Ch. C. art. 730. Two of the grounds for a FINS adjudication apply to the delinquency cases at issue in these appeals:
(5) That a child has committed an offense applicable only to children.
(10) That a child is found in possession of a handgun or semiautomatic handgun under circumstances that reasonably tend to exclude any lawful purpose.
La. Ch. C. art. 730. See State ex rel. S.D., 01-670, p. 3 (La.App. 5th Cir.1/29/02), 807 So.2d 1138, 1148 (Daley, J., eoncur-ringXpointing out that “[t]he Juvenile Judge has the option, in the context of delinquency proceeding, of adjudicating the family to be in need of services, so long as the adjudication is warranted under LSA-Ch.C. art. 730”)
Given the current definition of delinquency, I agree with the result reached by the majority in these consolidated cases. A different result would require the Legislature to carve out an exception to the definition of delinquency or to criminalize the possession of a handgun by an adult. As counsel of D.J. points out, the Legislature could “change La. R.S. 14:95.8 so that it falls under a juvenile court’s delinquency jurisdiction.” For these reasons, I concur.

. Under certain circumstances an adult can be charged with mere possession of a handgun. See La. R.S. 14:95.1 (possession of a firearm by a felon); La. R.S. 14:95.2 (possession of a firearm on school property or in a firearm-free zone); La. R.S. 14:95.5 (possession of a firearm on premises of alcoholic beverage outlet); La. R.S. 14:95.7 (possession of a firearm with obliterated serial number). An area of overlap thus exists between the conduct criminalized under La. R.S. 14:95.8 and the conduct for which an adult can be charged. There is no evidence in the record that either of these two consolidated cases falls within that area of overlap.