699 So.2d 1128 (1997)
STATE of Louisiana in the Interest of S.T.
No. 97 KJ 0216.
Court of Appeal of Louisiana, First Circuit.
September 19, 1997.
Lee Wilson, Baton Rouge, for StateAppellee District Attorney's Office.
Martha S. Morgan, Baton Rouge, for StateAppellant Richard L. Stalder, Secretary DPS & C, Office of Youth Development.
Stephen Dixon, Baton Rouge, for JuvenileAppellee.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
S.T., a child, was alleged to be delinquent by a petition based on the commission of aggravated oral sexual battery (count 1), attempted aggravated oral sexual battery, and two counts of second degree kidnapping. The state amended count 1 to charge the commission of oral sexual battery, a violation of LSA-R.S. 14:43.3. The state dismissed the allegations of counts 2-4, and S.T. entered a response of no contest to the allegations of the amended petition. After determining there was a factual basis for adjudication, the court adjudicated S.T. a delinquent. At the disposition hearing, the court placed S.T. in the custody of the Department of Public Safety and Corrections for 5 years, with credit for time served. The court ordered that he be placed in a non-secure treatment facility to receive psychiatric treatment for sexual trauma and sexual compulsion. The court ordered that he receive psychological counseling, social skills training, educational training, and vocational training. The court also recommended that S.T. be placed in the Residential Treatment Facility, a group *1129 home associated with River Oaks Hospital (a psychiatric hospital).[1]
The Department of Public Safety and Corrections appeals the disposition. It urges that, because the court ordered the child placed in the custody of the Department, the court had no authority to order placement in a particular facility or for a particular type of treatment. The Department claims the specific type of sexual counseling ordered by the court is not available through the counseling services provided by the Department, but is provided by the treatment facility recommended by the court. The Department asks that the portion of the court's order which requires the Department to provide a specific type of counseling be stricken from the judgment. Responding to the appeal, the child argues the court has the authority to impose any term or condition deemed to be in the child's best interest, including the requirement that the child participate in this type of psychological treatment program.
At a disposition hearing, if the court finds the child is in need of treatment or rehabilitation as a delinquent child, the court is required to immediately make any appropriate disposition authorized by articles 895 through 899 of the Children's Code. LSACh.Code art. 893(D). After adjudication of any felony-grade delinquent act (other than as provided for in article 897.1), the court may place the child in the custody of his parents, some other suitable person, a private or public institution or agency, or the Department of Public Safety and Corrections. LSA-Ch.Code art. 897(A), (C) & (D). Under article 897(D), the commitment to the custody of the Department of Public Safety and Corrections may be "with or without a recommendation that the child be placed in alternative care facilities through the department's client placement process or be referred to appropriate placement resources in the Department of Social Services."
For children judicially committed to the Department of Public Safety and Corrections, that department has "sole authority over the placement, care, treatment, or any other considerations deemed necessary from the resources that are available." LSA-Ch. Code art. 908(A). See also LSA-R.S. 15:901(D)(1) & (G)(1)(d) & (e) & 36:408(H)(2)(b). When the court determines that care and treatment for the child will be provided by the Department of Public Safety and Corrections, "either through facilities and programs operated by it or through contractual arrangements or through purchase of service arrangements for which the department provides funding," the court is required to commit the child to the department rather than to a particular institution or facility. LSA-Ch.Code art. 908(B).
Under these provisions, it is clear that the juvenile court judge initially determines if the child will be placed in the custody of his parents or some other person, in the custody of a public or private agency, or in the custody of the Department of Public Safety and Corrections. If the court determines the child will be committed to the custody of the Department of Public Safety and Corrections, the Department has the authority to determine where the child should be placed and the type of treatment, and the court may not order the Department to provide a particular type of treatment or placement. See State in Interest of J.A., 532 So.2d 943 (La. App. 5 Cir.1988). See also State in Interest of Sapia, 397 So.2d 469 (La.1981); State in Interest of J.M., 490 So.2d 444 (La.App. 5 Cir.1986).
Accordingly, the portion of the disposition which ordered the Department to provide psychiatric treatment for sexual trauma and sexual compulsion is improper, and the judgment of disposition is set aside. The proceedings are remanded to the trial court for a disposition hearing in accordance with the views expressed herein.
DISPOSITION SET ASIDE AND REMANDED.
NOTES
[1] The transcript shows the court recommended "River Oaks Hospital." The judgment and commitment say "Riverside."