712 So.2d 938 (1998)
STATE of Louisiana in the Interest of R.F.
No. 97-KA-1056.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1998.
*939 Martha Margen, Department of Public Safety and Corrections, Office of Youth Development, Baton Rouge, for Appellant.
Romona L. Jordan, Indigent Defender Board, Gretna, for Appellee.
CANNELLA, Judge.
The State of Louisiana, through the Department of Public Safety and Corrections, appeals from a ruling of the Juvenile Court for the Parish of Jefferson, following a hearing to review the sentence of R.F., a juvenile, and to modify the disposition. For the reasons which follow, we affirm.
R.F. was placed in the custody of the Department of Public Safety and Corrections, Louisiana Training Institute (LTI), for various delinquent offenses.[1] On July 31, 1997, R.F. was brought back before the juvenile court for a hearing to review his sentence and possibly modify the current disposition. At the hearing, it was discovered that R.F. is sixteen years old, reads at the second grade level and was injured possibly by a teacher. As a result of the injury, R.F. received stitches for a head laceration. The matter was still being investigated. The juvenile court was concerned about the juvenile's rehabilitation and education because, when the juvenile is released from LTI, he would still be at such a low educational level. The juvenile court was also concerned that R.F. had received a serious physical injury and neither the juvenile court nor his mother had been notified. Accordingly, following the hearing, the juvenile court modified R.F.'s sentence, ordering that he be provided one hour of tutoring per day and ordering that any physical injury sustained by him be immediately reported in writing to the juvenile court and to R.F.'s mother. It is from this ruling that the state appeals.
The essence of the state's argument is that, once a juvenile has been placed in state custody, the state has the sole authority over the juvenile and the juvenile court has no authority concerning treatment decisions. We disagree.
The issue presented herein, the authority of the juvenile court judge over the juvenile once the juvenile has been placed in state custody, is one that, recently, is being raised with increasing frequency. See: State in the Interest of N.D. et al, 97-C-739 c/w 97-C-740 c/w 97-C-747 c/w 97-C-797 c/w 97-C-814 (La.App. 5th Cir. 8/25/97), writs denied, 97-CJ-2563 (La. 12/19/97), 706 So.2d 460. The modification actions of the judges of Juvenile Court for the Parish of Jefferson show how conscientious and concerned they are for the care, treatment, placement and rehabilitation of the juveniles that come before them and fulfills both the letter and the spirit of the law.
On the other hand, the state has limited resources with which to care for all of the juveniles in its custody. Thus, there can be a conflict between what is in the best interest of the child and the resources available to provide it. We also find, in reviewing the *940 Children's Code, that the delineation of authority between the juvenile court and the custodial agency is not clearly set out. While the code grants the custodial agency a great deal of authority over the child in its custody (La.C.Ch. art. 908A[2]), it also imposes the duty on the juvenile court judge to oversee or review "the condition, supervision, treatment or rehabilitation program of the child" (La.C.Ch. art. 905) and it further grants the juvenile court judge the authority to modify the disposition at any time (La.C.Ch. art. 910).
This court recently addressed a similar question concerning the juvenile court's authority over a juvenile placed in the custody of the Department of Social Services. State in the Interest of N.D., et al, 97-C-730 c/w 97-C-740 c/w 97-C-747 c/w 97-C-797 c/w 97-C-814 (La.App. 5th Cir. 8/25/97), writs denied, 97-CJ-2563 (La. 12/19/97), 706 So.2d 460. In that case, the juvenile court ordered the department to comply with certain specified procedures concerning notice and hearings before a child's placement could be changed. Like the state herein, the department argued that it had sole authority over the placement of juveniles in its custody and that the juvenile court judge had no recourse except to remove the child from state custody. We rejected the argument in that case and, for the same reasons, we reject it in this case. We reasoned that, under the overall scheme of the Children's Code, where the juvenile court judge is not only granted review and modification power, but is also required to periodically review the juvenile's progress, and the juvenile is provided counsel and the right to request review by the juvenile court, it was within the juvenile court's authority to require notification by the department of any changes in the child's placement. Neither the juvenile court, nor R.F.'s attorney can exercise its/his right of review if they are not provided notice of significant changes which effect R.F.
Likewise, in this case, under the juvenile court's review powers and duties, we find that it is within the juvenile court's authority to order immediate written notification of any physical injury to R.F. We find no error in the juvenile court's order in that regard.
The part of the modification order requiring one hour of tutoring presents different considerations. The juvenile court, in delinquency cases like this one, where the child is removed from the control of his parents, is charged with the duty "to secure for [the juvenile] care as nearly as possible equivalent to that which the parents should have given him." La.C.Ch. art. 801. The juvenile court is also given the power to impose any terms and conditions regarding the disposition. La.C.Ch. art. 903B(5). In this case, the juvenile court became concerned over the child's apparent lack of educational progress (sixteen years old and reading at a second grade level) and its effect on the juvenile's rehabilitation upon release from state supervision. Thus, the juvenile court ordered an extra hour of tutoring for the juvenile. It is important to note that there are no allegations by the state that this court order imposed upon them any additional expenses. Absent that consideration, we fail to see any basis for the state's complaint regarding a condition imposed by the juvenile court judge which is in the best interest of the juvenile and society in bettering his chances for rehabilitation through education before he is released from state custody.
Accordingly, for the reasons stated above, we affirm the ruling of the juvenile court ordering one hour of tutoring per day and immediate written notification to the juvenile court and R.F.'s mother of any physical injuries the juvenile may sustain.
AFFIRMED.
WICKER, J., dissents.
WICKER, Judge, dissenting.
I dissent, adhering to the views expressed by the majority in State of Louisiana in the *941 Interest of V.N., No. 97-1190 (La.App. 5 Cir. 4/15/98), 712 So.2d 954.
NOTES
[1] The record herein is a designated record and we have not been provided with detailed information regarding the juvenile's original sentence, placement or disposition.
[2] La.C.Ch. Art. 908A provides: "Except as provided in Article 906, the Department of Public Safety and Corrections shall have sole authority over the placement, care, treatment, or any other consideration deemed necessary from the resources that are available for children judicially committed to the department."