712 So.2d 954 (1998)
STATE of Louisiana in the Interest of V.N.
No. 97-KA-1190.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1998.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Joseph R. McMahon, Jr., Assistant District Attorneys, Gretna, for Plaintiff-Appellee.
Martha Morgan, Department of Public Safety & Corrections, Office of Youth Development, Baton Rouge, for Defendant/Appellant.
Before BOWES, GOTHARD and DALEY, JJ.
GOTHARD, Judge.
The issues in this appeal is the extent of the authority of the Juvenile Court to order specific treatment or services for a juvenile in custody of the Department of Public Safety and Corrections (DPSC), following the juvenile's adjudication of delinquency, and the disposition to the DPSC.
*955 V.N., a sixteen-year old male, was charged with aggravated battery in violation of LSA-R.S. 14:34. After entering a plea of guilty on September 30, 1996, he was adjudicated a delinquent as charged. Delays were waived and on the same day, V.N. was committed to the State Department of Public Safety and Corrections until his twenty-first birthday.
DPSC conducted interviews and completed testing of the juvenile in accordance with law and reported the progress to the Juvenile Court. On October 30, 1997, at a sentence review hearing, the Juvenile Court reviewed a progress report on the juvenile and ordered the minor to "have more educational time either in the afternoon or at night for his GED" and "to spend more time working on his math for his GED". DPSC filed an appeal objecting to that portion of the judgment which ordered it to provide more educational time for the juvenile.
In brief to this Court, DPSC argues that "it is an error of law for a trial court exercising juvenile jurisdiction to determine specific educational needs of a juvenile disposed to the custody of the Department of Public Safety and Corrections and order that those services be performed by the Department".

LAW
After a child has been adjudicated a delinquent, the juvenile court may commit the child to the custody of the Department of Public Safety and Correction in accordance with C.Ch. art. 901 C when the following conditions exist:
1. There is an undue risk that during the period of a suspended commitment or probation the child will commit another crime.
2. The child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment.
3. A lesser disposition will depreciate the seriousness of the child's delinquent act.
4. The delinquent act involved the illegal carrying, use, or possession of a firearm.
That article provides the option, but not the mandate, for the juvenile court to place the child in the custody of the state if the above factors warrant such a disposition. When such a disposition is made, article 903 C. provides:
The order of commitment may require the department to take physical custody of a child adjudicated a delinquent, committed to its custody pursuant to Article 897(D) or Article 899(D), and recommended by the court or the department for assignment to a secure program or facility, within thirty days from the date of the court's signing of the judgment of disposition when the child is in or is going to be placed in the physical custody of a parish juvenile facility. If a court modifies a judgment of disposition, in accordance with Chapter 17, and gives the department custody of the adjudicated delinquent, the provisions of this Article and R.S. 15:901 apply.
C.Ch. art. 116 defines custody as:
(12) "Legal custody" means the right to have physical custody of the child and to determine where and with whom the child shall reside; to exercise the rights and duty to protect, train, and discipline the child; the authority to consent to major medical, psychiatric, and surgical treatment; and to provide the child with food, shelter, education, and ordinary medical care, all subject to any residual rights possessed by the child's parents.
Once a child has been committed to the custody of the state C.Ch. art. 908 provides:
A. Except as provided in Article 906, the Department of Public Safety and Corrections shall have sole authority over the placement, care, treatment, or any other considerations deemed necessary from the resources that are available for children judicially committed to the department.

B. When care and treatment are to be provided by the department, either through facilities and programs operated by it or through contractual arrangements or through purchase of service arrangements for which the department provides funding, the child shall be committed to the department rather than to a particular institution or facility.

*956 C. The court shall not divide legal and physical custody of a child when assigning custody to the department in accordance with this Article or in accordance with any other statute or provision of law.
LSA-R.S. 15:901 authorizes the state to establish a juvenile reception and diagnostic center, and to set up programs for juveniles in the custody of the state. It provides as follows:
A. The Department of Public Safety and Corrections may establish, operate, and maintain juvenile reception and diagnostic centers located on the premises of the Louisiana Training Institute in East Baton Rouge Parish and at other locations designated to meet the regional diagnostic needs of adjudicated youth.
B. The order of commitment shall be furnished to the department at or prior to the transfer of the child and shall include that the child has been adjudicated delinquent. The court shall also furnish at that time the information required by Article 903 of the Children's Code and, in addition, shall specify whether the child was represented by counsel, the counsel's name and address, or that the child waived the right to counsel, and the age of the child at the time of the offense. The court shall also specify, in years and months, the maximum period of confinement. The court at the time of transfer shall transmit all relevant reports in its possession concerning the child, including reports reflecting his social background, mode of living, family status, school records, behavior tendencies, psychological and psychiatric assessments, or any one or combination of the foregoing.
C. The order of commitment may require the department to take physical custody of a child adjudicated a delinquent, committed to its custody pursuant to Article 897(D) or 899(D) of the Children's Code, and recommended by the court or the department for assignment to a secure program or facility, within thirty days from the date of the court's signing of the judgment of disposition when the child is in or is going to be placed in the physical custody of a parish juvenile facility. If a court modifies a judgment of disposition, in accordance with Chapter 17 of Title VIII of the Children's Code, and gives the department custody of the adjudicated delinquent, the provisions of this Section and Article 903 of the Children's Code apply.
D. (1) Upon commitment to the Department of Public Safety and Corrections, the department shall have sole custody of the child and, except as provided for in Children's Code Article 897.1, shall determine the child's placement, care, and treatment, and the expenditures to be made therefor, through appropriate examinations, tests, or evaluations conducted under the supervision of the department. The department shall comply with Chapter 2 of Title VII-A and Chapter 17 of Title VIII of the Children's Code for any modification of the original disposition when the adjudicated juvenile has been placed in the custody of the department. The department shall not modify any disposition under Children's Code Article 897.1.
(2) Any child identified in the evaluation process as a substance abuser shall be counseled regarding the availability of the juvenile substance abuse inpatient facility provided for in R.S. 15:901.1 and its appropriateness for the particular child.
E. A court exercising juvenile court jurisdiction may, after exhausting all other state and local diagnostic, testing, and evaluation resources, temporarily assign a child to the Department of Public Safety and Corrections with recommendations for diagnostic testing and evaluation services in accordance with Articles 888 and 890 of the Children's Code. The court assigning a child to the department shall provide written findings indicating the need for such services. The department shall provide such services to the extent resources are available. Assignments to the department for such services shall not exceed thirty calendar days.
F. The Department of Public Safety and Corrections shall have an individualized plan for each child committed to the department except for a child committed to the department following adjudication for contempt. The plan shall be *957 developed after consultation with the child and the family, if feasible. A copy may be forwarded to the court.

G. (1) Community placement services shall have authority and responsibilities for children adjudicated delinquent or in need of supervision, including but not limited to the following:
(a) To assess or arrange for the assessment of the needs of each child.
(b) To provide or arrange for the provision of comprehensive diagnosis and evaluation services as the needs of each child warrant.
(c) To develop comprehensive service plans for each child.
(d) With respect to children committed to the custody of the Department of Public Safety and Corrections pursuant to the provisions of Articles 672, 792.53, 897, 899, and 1509 of the Children's Code, the secretary of the department shall develop rules and regulations to govern the assignment of such children to specific facilities and institutions operated by the department directly or through contractual arrangements.
(e) To place children in the setting most appropriate to their needs, including any nonresidential, community-based residential, and institutional programs operated by the Department of Public Safety and Corrections, as well as programs operated by other public or private agencies with which the department enters into contractual or purchase of services arrangements.
(f) To periodically monitor and review the progress of each child, and modify the child's service plan as warranted, through a multidisciplinary panel.

(2) The following rules shall be followed with regard to client placement functions:
(a) No program or unit shall be required to provide services to a client if the provision of such services would place the program in violation of any state or federal statute or court order.
(b) The secretary of the department may overrule a decision of the client placement unit upon appeal by any program or unit on grounds that such placement would be inconsistent with the child's needs. For all cases which are appealed to the secretary, a notation shall be made in the child's file indicating the grounds for such appeal, the decision made by the secretary, and the secretary's reasons for upholding or failing to uphold the original placement decision.

(c) No public or private agency operating under contractual or purchase of service arrangements with the department shall be required to provide services to a child if the provision of such services is contradictory to the terms of the contractual or purchase of service arrangement or is in conflict with the policies of the agency or the decisions of its governing authority.
In State in the Interest of S. S., 499 So.2d 1198,1201 (La.App. 5 Cir.1986), the juvenile court judge ordered the state to provide any and all economic assistance to maintain the child in Xavier Preparatory School. The state appealed the decision arguing that selection of educational service rests with the Department as the legal custodian. In reversing that ruling we stated:
The overall or general consideration for the welfare of the child is still the exclusive domain of the juvenile court judge, whereas the specific placement of children in custody of various state agencies and payment for such services, foster homes, agencies or institutions is the domain of the State where custody of children in need of care, in need of supervision, or children adjudged to be delinquent, has been assigned to the State. LSA-R.S. 13:1580, LSA-R.S. 46:2427, State In the Interest of Sapia, supra. Thus, it is the juvenile court which initially determines if a child in need of care shall be placed in the custody of the State or a private facility or any other alternative placement. However, once custody is granted to the State, in this case DHHR, it is their responsibility to implement the general provisions of the judgment and they have the latitude to do so as specifically spelled out in LSA-R.S. 13:1580, and State in the Interest of Sapia, supra. Additionally, LSA-R.S. 15:1081-1086 as the sole statutory authority for *958 payment by DHHR for the care and treatment of children in nonstate operated facilities further effectuates this apportionment of responsibilities.
Although that case involved a disposition of a child in need of care, and the custody grant was to DHHR (now called the Department of Social Services), the reasoning used in that case can be applied to the matter before us. Further, a review of the current law as discussed, infra, convinces this Court that the result would be the same under the new scheme of law set forth in the Children's Code.
This view is consistent with State in the Interest of J.A., 532 So.2d 943 (La.App. 5 Cir.1988). In that case the state appealed a decision of the juvenile court which granted joint custody to DHHR and the Department of Corrections. In reversing the juvenile court this Court noted that the juvenile court has a right to modify a disposition hearing, bearing in mind the best interest of both the child and society. However, the court is limited in the manner of disposition. The modification of the disposition must be done in accordance with the law.
Also of interest is State in the Interest of Sapia, 397 So.2d 469 (La.1981), the Supreme Court case on which both of the above cited cases rely. In that case the Court stated:
......... Therefore, the juvenile court judge initially determines where custody of the child shall be assigned. Once the judge determines the custody of the child should be assigned to the Department of Health and Human Resources, and so assigns custody of the child, the Department then has the authority to determine where the child should be placed. If the court determines that the child is not being properly cared for it may remove custody from the Department and place it elsewhere.
This Court, in a writ disposition recently which reviewed the juvenile court's order to the state to pay the transportation expenses for the family of a juvenile, stated "(o)nce a juvenile is placed in the custody of the State, Department of Corrections, the department has the sole authority to determine custodial placement and transportation arrangements. The Juvenile Court's order attempts to apply common sense and reasonable practicality to assist a juvenile who needs parental supervision and has none. The Department of Corrections should consider the Juvenile Court's transportation order as a rehabilitory recommendation". State in the Interest of S. B., 97-KH-59 (2/13/97). Other cases decided under the old Code of Juvenile Procedure support that view. See, State in the Interest of J.A., 532 So.2d 943 (La.App. 5 Cir. 1988); State in the Interest of S. S., 499 So.2d 1198 (La.App.1986).
After an order of disposition, a juvenile court maintains the general power to modify the disposition under article 909[1], with procedure set out in article 910. That article, however, is a general grant of authority. Article 911 provides the specific procedure for modifications of dispositions while a child is in the custody of the state. It provides as follows:
Art. 911. Modification of dispositions while in custody of the Department of Public Safety and Corrections
A. A motion filed by the Department of Public Safety and Corrections whereby the conditions of the disposition are sought to be made less restrictive shall be tried contradictorily against the district attorney, unless the district attorney files in the record an affidavit averring no opposition to the motion.
B. A judgment of disposition shall not be modified to release a child from the custody of the Department of Public Safety and Corrections unless three days' prior notice is given to the district attorney and to the Department of Public Safety and Corrections.
*959 Also of note is Children's Code article 912 which provides for the resolution of grievances by a child committed to the DPSC. This article was added in 1991 to conform with the federal Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. § 1997.
Using the above cited law, the legislature set up a system of juvenile correction and rehabilitation in which, both courts exercising juvenile jurisdiction, and the state departments responsible for the custody of these juveniles, serve specific roles. Put succinctly, the role of the juvenile court judge is to oversee the general plan for the correction and rehabilitation of the child, while the role of the state is to provide the details for the implementation of that plan.
We recognize that the concerns of both the state and the juvenile court, with respect to the efforts to rehabilitate the children of this state who are at risk, are consistent. The problems lies in different views on how the limited resources available to help these children should be allocated. It is clear that the state has only limited resources to provide needed services to the juveniles in its custody. It is also clear that the legislature set up a system whereby the state, not the juvenile court, should be the ultimate authority on how these resources should be allocated. However, the juvenile court retains jurisdiction to review the disposition and the power to change that disposition when warranted. It also retains jurisdiction to review grievances pursuant to C.Ch. art. 912. Further, under the provisions of R.S. 15:901 E, the juvenile court can make recommendations to the state. Under section F of that statute the court can insist that the state formulate an individualized plan for the child, and meet certain minimum requirements consistent with R.S. 15:901.
However, the court cannot arbitrarily make the specific decisions on services needed by the child as it did in the instant matter. In the matter before this Court, the juvenile court rendered a disposition judgment committing the juvenile to the custody of the state. In a modification of that disposition, the court assessed and set specific educational goals for the child, and ordered the state to provide the necessary services to achieve the goal. We find this to be a violation of the court's authority. Accordingly, the judgment of the juvenile court ordering the state to provide additional educational time every evening for V.N. is vacated.
JUDGMENT VACATED.
BOWES, J., concurs.
BOWES, Judge, concurring.
I concur with the results, but not necessarily for all the reasons therein.
NOTES
[1] Art. 909. Modification authority; in general

Except as provided for in Article 897.1, after the entry of any order of disposition, the court retains the power to modify it, including changing the child's legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897(B) or 899(B). It may also terminate an order of disposition at any time while it is still in force.