| «CANNELLA, Judge.
This case is on remand from the Louisiana Supreme Court, with instructions “to reconcile en banc the holding in this case and the holding in State in the Interest of V.N., 97-1190 (La.App. 5th Cir. 4/15/98).”
The common issue in both cases is the extent of the authority of the Juvenile Court to order specific treatment or services for a juvenile placed in the custody of ■the Department of Public Safety and Corrections (DPSC), following the juvenile’s adjudication of delinquency.
In State in the Interest of V.N., the Juvenile Court ordered that the minor “have more educational time either in the afternoon or at night for his GED” and “to *85 spend more tíme working on his math for his GED.” A panel of this circuit found this order “to be a violation of the [juvenile] court’s authority” and vacated the ruling. State in the Interest of V.N., 97-1190 (La. App. 5th Cir. 4/15/98), 712 So.2d 954. This opinion is final since neither rehearing nor writs to the | ^Supreme Court were sought.
In this case, the Juvenile Court ordered that the minor be provided one hour of tutoring per day so that he would be able to read before he was released in two years at age 18. Since there was no argument by the state that the tutoring would involve any additional state expense, and it was in the best interest of the child, a panel of this circuit affirmed the ruling by the juvenile court, ordering the one hour of tutoring. State in the Interest of RF., 97-1056 (La.App. 5th Cir. 4/13/98), 712 So.2d 938. DPSC sought writs from the Supreme Court. The Supreme Court granted writs and remanded. State in the Interest of R.F., 98-CK-1332 (La.10/9/98), 726 So.2d 14.
On remand, and after En Banc consideration, we amend our opinion to expand and clarify our previous positions.
Under La. C.Ch. art. 909, the Juvenile Court retains the power to modify the general conditions of a disposition entered on a juvenile committed to the custody of the DPSC. Upon commitment to the DPSC, the Department shall have the sole custody of the child and shall determine the child’s placement care and treatment and the expenditures to be made therefore, through appropriate examinations, tests, or evaluations conducted under the supervision of the department. La. R.S. 15:901 D. The Department, pursuant to La. R.S. 15:901, shall have a comprehensive service plan for each child committed to the Department of Corrections. In addition, the Department is required to periodically monitor and review the progress of each child and modify the child’s service plan as warranted. La. R.S. 15:901 G(l)(f). If the Juvenile Court modifies the child’s disposition, the Department is responsible for modifying, if warranted, the child’s individual service plan. While the Juvenile Court can not |4order specific placement or treatment, it certainly can recommend placement and treatment. In addition, the Juvenile Court can review the child’s individual plan and determine whether the conditions of the disposition are being met by the plan. The Juvenile Court has the authority to rule that the plan is inadequate and may order the Department to review the plan and resubmit it to the court for additional review.
Applying these precepts to the instant case, we find that the Juvenile Court exceeded its authority to modify the general conditions of its disposition, to the extent that it ordered specific training in the form of “one hour of tutoring per day extra, in addition to the regular program.” The Juvenile Court only had authority to (1) modify the general conditions of the disposition to promote the juvenile’s overall welfare while in the Department’s custody by requiring the juvenile’s ability to be able to read at a certain level before his release, and/or (2) to find that the individualized plan by the Department as presented was inadequate. Thus, the part of the judgment ordering the tutoring is set aside and the ease is remanded to the juvenile court to modify the conditions of the disposition and/or reject the DPSC’s plan, if appropriate.
Accordingly, the July 31, 1997 judgment of the Juvenile Court is affirmed in part, set aside in part and remanded.
AFFIRMED IN PART, SET ASIDE IN PART AND REMANDED.