1,WHIPPLE, J.
K.D., a child, was alleged to be delinquent by a petition based on the unauthorized use of a motor vehicle, a violation of LSA-R.S. 14:68.4. K.D., represented by counsel, entered a denial to the allegations. Subsequently, an informal adjustment agreement was filed and approved pursuant to LSA-Ch.C. art. 839, et seq. A few months later, the agreement was terminated and the child was placed in emergency shelter care.
An adjudication hearing was held and the juvenile withdrew her not guilty plea and pled “no contest” to the charge pursuant to North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). The court conducted a Boykin examination, advised the juvenile of her rights, found a factual basis for the charge, accepted the plea and adjudicated the juvenile to be delinquent. The juvenile waived delays before the disposition, and the court placed K.D. in the non-secure custody of the Department of Public Safety and Corrections (“the Department”) for 4 years. The court also ordered the juvenile to cooperate with the Department and the placement facility and abide by the rules of that placement facility.
Subsequently, a petition for modification of the judgment of disposition was filed alleging that K.D. violated the conditions imposed by the court by running away from the placement facility and stealing a motor vehicle. K.D. stipulated to being in violation of the court order, and the court modified the judgment to commit the juvenile to the secure custody of the Department for a period of 4 years. The court also ordered that the Department provide weekly individual counseling sessions for the juvenile and that the counselor submit reports to the court.
The Department appeals the disposition. It urges that because the court ordered the child placed in the custody of the Department, the court Rhad no authority to order any particular type of treatment, i.e., weekly individual counseling sessions. The Department asks that the court’s order, which requires the Department to provide a specific type of counseling, be vacated.
Responding to the appeal, the child argues that her overall care and treatment rests with the court. She further argues that the legislature intended the ultimate authority to be with the court, not the Department, and that this principle is reflected in the dictate of the Children’s Code that the court, not the Department, can modify the disposition. K.D. further argues that LSA-R.S. 15:905(A) et seq. dictates that the Department is compelled to provide adequate and appropriate treatment to the juvenile.
The Department cites the case of State in the Interest of S.T., 97-0216, pp. 3-4 (La.App. 1st Cir.9/19/97); 699 So.2d 1128, 1129, writ denied, 97-2627 (La.2/13/98); 706 So.2d 992, in which this court addressed a similar issue regarding the authority of the juvenile court to order specific treatment of a juvenile adjudged delinquent. In that case, we set aside a portion of the juvenile court’s order that the Department provide psychiatric treatment for sexual trauma and sexual compulsion. Addressing the procedure established by the Children’s Code and the authority of the court and the Department, we stated:
For children judicially committed to the Department of Public Safety and Corrections, that department has “sole authority over the placement, care, treatment, or any other considerations deemed necessary from the resources that are available.”* LSA-Ch. Code art. 908(A). See also LSA-R.S. 15:901(D)(1) & (G)(1)(d) & (e) & 36:408(H)(2)(b). When the court determines that care and treatment for the child will be provided by the Department of Public Safety and Corrections, “either through facilities and programs operated by it or through contractual arrangements or through purchase of service arrangements for which the department provides funding,” the court is required to commit the child to the department rather |4than *1079 to a particular institution or facility. LSA-Ch. Code art. 908(B).
Under these provisions, it is clear that the juvenile court judge initially determines if the child will be placed in the custody of his parents or some other person, in the custody of a public or private agency, or in the custody of the Department of Public Safety and Corrections. If the court determines the child will be committed to the custody of the Department of Public Safety and Corrections, the Department has the authority to determine where the child should be placed and the type of treatment, and the court may not order the Department to provide a particular type of treatment or placement. See State in Interest of J.A., 532 So.2d 943 (La.App. 5 Cir.1988). See also State in Interest of Sapia, 397 So.2d 469 (La.1981); State in Interest of J.M., 490 So.2d 444 (La.App. 5 Cir.1986).
State in the Interest of S.T., 97-0216 at pp. 3-4; 699 So.2d at 1129.
K.D. argues that a recent decision of the Louisiana Fifth Circuit Court of Appeal, State in the Interest of R.F., 97-1056 (La.App. 5th Cir.4/13/98); 712 So.2d 938, writ granted, 98-1332 (La.10/9/98), 726 So.2d 14, supports her argument. In that case, the court upheld a juvenile court’s order requiring the Department to provide one hour of tutoring per day for a child in its custody. The Fifth Circuit relied primarily upon the Department’s failure to argue that the order imposed any additional financial or staffing burdens. State in the Interest of R.F., 97-1056 at pp. 5-6; 712 So.2d at 940. K.D. argues that the Department again has not expressly alleged that the order would impose additional financial burdens. Rather, the Department merely argues that allowing the court to order the type of services would affect its resources and budget.
We note that the ruling in R.F. appears to be in conflict with the opinion in State in the Interest of V.N., 97-1190 (La.App. 5th Cir.4/5/98); 712 So.2d 954, issued by a different panel of judges of the Fifth Circuit only two days after the opinion in R.F. Moreover, the Supreme Court has granted a writ application in R.F. “for the purpose of remanding to the Court of | ^Appeal to reconcile en banc the holding in this ease and the holding in State [in the] Interes[t] of V.N., 97-1190, pp. 10-11 (La.App. 5th Cir.4/15/98), 712 So.2d 954.” State in the interest of R.F., 98-1332 (La.10/9/98), 726 So.2d 14.
In V.N., the court concluded that the modification of the disposition in a delinquency hearing “must be done in accordance with the law” and that the juvenile court has a “general grant of authority” to modify the disposition. State in the Interest of V.N., 97-1190 at pp. 8, 9 (La.App. 5 Cir. 4/15/98), 712 So.2d 954. The court noted the different roles of the court (to oversee the general plan for the correction and rehabilitation of the juvenile) and the Department (to provide the details for the implementation of that plan). Although the court and the Department have consistent concerns, the problem, as stated in State in the Interest of V.N.:
lies in different views on how the limited resources available to help these children should be allocated. It is clear that the state has only limited resources to provide needed services to the juveniles in its custody. It is also clear that the legislature set up a system whereby the state, not the juvenile court, should be the ultimate authority on how these resources should be allocated.
State in the Interest of V.N., 97-1190 at p. 10 (La.App. 5 Cir. 4/15/98); 712 So.2d at 959.
Accordingly, based upon this court’s previous reasoning, we must modify the disposition to set aside that portion which ordered the Department to provide weekly individual counseling sessions. The proceedings are remanded to the trial court for a disposition hearing in accordance with the views expressed herein.
DISPOSITION MODIFIED AND REMANDED.