LLeBLANC, J.
D.B., a child, was alleged to be delinquent by petition based on unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. The child admitted her guilt and was adjudged delinquent as alleged. Following a disposition hearing, the juvenile court placed the child in the custody of the Department of Public Safety and Corrections (DOC) for non-secure custody for three years. Thereafter, due to the child’s disruptive behavior, refusal to obey rules, and running away from non-secure care, a petition for modification of judgment was filed. Following a hearing, the court modified the child’s disposition, ordering secure custody of the child by DOC for three years and ordering DOC to provide the child “1 hour weekly individual counseling”. DOC files the instant appeal, assigning error to the court’s ordering it to provide the child with one hour of individual counseling weekly.

FACTS

The facts of the instant offense that appear in the record were provided in a report filed in the juvenile court by the child’s probation officer. The report revealed that on October 1, 1996, the child entered her home and stole her mother’s car keys while her mother was asleep. Thereafter, the child “took the car and intended to drive it to New Orleans.” However, the child wrecked the car and went to a friend’s home, where she was arrested.

JUVENILE COURT AUTHORITY TO ORDER DOC TO PROVIDE WEEKLY INDIVIDUAL COUNSELING

In its sole assignment of error, DOC contends the juvenile court erred in ordering a specific type and frequency of treatment for a child placed in DOC custody. This assignment of error has merit.
laThe child argues that the juvenile court has the duty to “make assessments as to what individual care, [sic] i.e. counseling, that the child’s parents should have given her”, citing La. Ch.C. arts. 801 and 903 B(5), and “[w]ith such a duty, the authority necessary to attain results consistent with that duty is both implicit and expressly stated throughout legislation”, citing La. Ch.C. art. 909.
In the alternative, the child argues that DOC has the duty to ensure that she “shall receive appropriate treatment, training, and education commensurate with [her] needs and abilities”, citing La. R.S. 15:906 A, and that the State of Louisiana has declared as a matter of public policy that commitment of a juvenile to DOC is “not punitive” and is a “step in the total treatment process”, citing La. R.S. 15:906 A(2).
Lastly, the child relies upon State in Interest of R.F., 97-1056 (La.App. 5 Cir. 4/13/98); 712 So.2d 938 (Wicker, J., dissenting), wherein the Louisiana Fifth Circuit Court of Appeal affirmed a Jefferson Parish Juvenile Court’s order to DOC to provide one hour of tutoring per day to a child.
This Court has previously addressed the scope of a juvenile court’s authority to order DOC to provide a child with a particular type of treatment. See State in Interest of S.T., 97-0216 (La.App. 1 Cir. 9/19/97); 699 So.2d 1128, writ denied, 97-2627 (La.2/13/98); 706 So.2d 992. In that case, after carefully examining the 'respective roles of the juvenile court and of DOC in the treatment of delinquent juveniles, we set aside the juvenile court’s order to DOC to provide a child with psychiatric *920 treatment for sexual trauma and sexual compulsion, explaining,
“If the [juvenile] court determines the child will be committed to the custody of the Department of Public Safety and Corrections, the Department has the authority to determine where the child should' be placed and the type of treatment, and the court may not order the Department to provide a particular type of treatment or placement. State in Interest of S.T., 97-0216 at 3-4; 699 So.2d at 1129.
|4In regard to the child’s reliance upon State in Interest of R.F., we note that decision was in conflict with State in Interest of V.N., 97-1190 (La.App. 5 Cir. 4/15/98); 712 So.2d 954, wherein another panel of the Fifth Circuit, two days after the rendering of State in Interest of R.F., held that the Jefferson Parish Juvenile Court exceeded its authority by ordering that the child therein “have more educational time either in the afternoon or at night for his GED” and “to spend more time working on his math for his GED”. State in Interest of V.N., 97-1190 at 3, 10-11; 712 So.2d at 955, 959. The Louisiana Supreme Court granted writs in State in Interest of R.F. and remanded the case back to the Fifth Circuit for reconciliation en banc with State in Interest of V.N. State in Interest of R.F., 98-1332 (La. 10/9/98); 726 So.2d 14. Upon remand, the Fifth Circuit, in an en banc decision, subsequently set aside the holding relied upon by the child therein, finding that “the Juvenile Court exceeded its authority to modify the general conditions of its disposition, to the extent that it ordered specific training in the form of ‘one hour of tutoring per day extra, in addition to the regular program.’” State in Interest of R.F., 97-1056, p. 2 (La.App. 5 Cir. 3/16/99); 733 So.2d 84, 85 (en banc).
For the foregoing reasons, the juvenile court’s order to DOC to provide the child “1 hour weekly individual counseling” exceeds its authority, the amended disposition hereby is vacated, and this matter is
remanded to the juvenile court for a disposition hearing in accordance with the views expressed herein.
DISPOSITION VACATED AND REMANDED.