JjFITZSIMMONS, J.
L.A.H., a male child, was alleged to be delinquent by a petition based on the commission of one count of simple burglary, a violation of La. R.S. 14:62; and one count of simple arson with damage of more than $500.00, a violation of La. R.S. 14:52. At an adjudication hearing, L.A.H. admitted his guilt and was adjudged delinquent for the offenses of principal to simple burglary, in violation of La. R.S. 14:24 and 14:62, and principal to simple arson, in violation of La. R.S. 14:24 and 14:52. Following a disposition hearing, the juvenile court ordered that the juvenile be committed to the secure custody of the Department of Public Safety and Corrections (DOC) for a period of four (4) years[1], with credit for time served. The court recommended that the juvenile be placed in the Short Term Offender’s Program (STOP). The court further ordered that the juvenile cooperate with the DOC and abide by the rules and regulations of the placement facility/program to which he would be assigned.
On April 12, 2002, the state filed a verified complaint alleging that L.A.H. violated the conditions imposed by the court. The complaint indicated that upon being placed in DOC secure custody, L.A.H. was placed in STOP. Upon completion of STOP, L.A.H. was placed at Christian Acres. After being negatively discharged from Christian Acres, L.A.H. was placed at the Ware Youth Center (WYC). After only three months, L.A.H. was negatively discharged from WYC. The complaint requested that L.A.H be returned to the custody of the DOC.
At a dispositional review hearing held on April 15, 2002, the juvenile court rendered a modified disposition judgment ordering that L.A.H. remain in the secure custody of the DOC. The court recommended that L.A.H. be placed at the Jetson Correctional Center for Youth. The court ordered that DOC provide educational services, mental health treatment, and art therapy for L.A.H. The court | ^further ordered that the verified complaint be recalled, vacated and set aside. DOC appeals the modified disposition. Finding merit in the assigned error, we reverse and remand.

ASSIGNMENT OF ERROR

In its sole assignment of error, the DOC challenges the portion of the disposition ordering that it provide a particular type of therapy, namely, art therapy, to L.A.H. while in DOC custody. DOC argues that once the juvenile court committed the child to the custody of the DOC, the court had no authority to order any particular type of treatment. DOC avers that it has the sole authority to determine treatment and placement of a child in its custody. In response, the child concedes that the juvenile court lacked the authority to dictate the type of treatment to be provided to a child placed in the custody of the DOC. However, the child argues that the juvenile court order should not be disturbed because it is not unreasonable, is consistent with his needs and abilities, and would better serve his chances for rehabilitation, which, he argues, would better serve society.
*449 On several occasions, this court has examined the respective roles of the juvenile court and the DOC in the treatment of delinquent juveniles committed to the custody of the DOC. See State ex rel. D.B., 98-1188 (La.App. 1 Cir. 6/25/99), 739 So.2d 918. See also State in Interest of S.T., 97-0216 (La.App. 1 Cir. 9/19/97), 699 So.2d 1128, writ denied, 97-2627 (La.2/13/98), 706 So.2d 992. This court has consistently held that the DOC has plenary authority over the care and treatment of juveniles committed to its custody. Addressing the scope of the juvenile court’s authority, we explained:
If the [juvenile] court determines the child will be committed to the custody of the Department of Public Safety and Corrections, the Department has the authority to determine where the child should be placed and the type of treatment, and the court may not order the Department to provide a particular type of treatment or placement.
1 State ex rel. D.B., 98-1188, p. 3, 739 So.2d at 920, quoting State in Interest of S.T., 97-0216, pp. 3-4, 699 So.2d at 1129.
Furthermore, La.Ch.C. art. 908A provides that the DOC “shall have sole authority over the placement, care, treatment, or any other considerations deemed necessary from the resources that are available for children judicially committed to the department.” Likewise, La. R.S. 15:901 D(l) provides, in part, that “[u]pon commitment to the Department of Public Safety and Corrections, the department shall have sole custody of the child and ... shall determine the child’s placement, care, and treatment, and the expenditures to be made therefor, through appropriate examinations, tests, or evaluations conducted under the supervision of the department.” Thus, it is clear that the DOC has plenary power to make decisions .with respect to those children committed to its custody. Therefore, the juvenile court may not commit a juvenile to the custody of the department with a specification of which services or treatment programs the department must provide. State ex rel. T.A., 2000-2560, p. 4 (La.12/7/01), 801 So.2d 351, 353-54 (per curiam).
In the instant case, the juvenile court exceeded its authority in dictating the type of treatment to be provided to L.A.H. while in the custody of the DOC. While the juvenile court may, and often does, recommend specific placement and/or treatment for a juvenile committed to the DOC, it has no authority to order such placement and/or treatment. Accordingly, the modified judgment of disposition is hereby vacated. The proceedings are remanded to the juvenile court for a disposition hearing in accordance with the views expressed herein.
MODIFIED DISPOSITION JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS.
PETTIGREW, J., concurs, and assigns • reasons.

. The commitment order reflects concurrent commitment terms of three (3) years for the offense of principal to simple burglary, and four years for principal to simple arson.