982 So.2d 764 (2008)
STATE in the Interest of C.B.
No. 2008-CK-0724.
Supreme Court of Louisiana.
May 9, 2008.
In re Louisiana Office of Youth, Development; Other; Applying for Supervisory and/or Remedial Writs, Parish of Orleans, Orleans Juvenile Court, No. 05-054-010; to the Court of Appeal, Fourth Circuit, No(s). 2008-C-0077, 2007-C-16218.
Writ granted.
CALOGERO, C.J., would grant docket.
JOHNSON, J., concurs and assigns reasons.
JOHNSON, J., concurring for the following reasons:
I agree with the majority that a juvenile judge does not have authority to order State employees to undergo drug testing. Once a juvenile is adjudicated delinquent and committed to custody of the Department of Public Safety and Corrections (DPSC), juvenile court has no authority to make specific decisions about services needed by the juvenile, or to order the state to provide those services; juvenile court's authority, after disposition, is limited to reviewing a disposition and modifying it, if necessary. State in Interest of V.N., 97-1190 (La.App. 5 Cir. 4/15/98), 712 So.2d 954.
A juvenile judge, however, has continued authority to protect children whose physical or mental health and welfare are substantially at risk of harm.
LSA-Ch.C. art. 909 provides:
Except as provided for in Article 897.1, after the entry of any order of disposition, the court retains the power to modify it, including changing the child's legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897(B) or 899(B). It may also terminate an order of disposition at any time while it is still in force.
Thus, according to LSA-Ch.C. art. 909, a juvenile judge has authority to modify, suspend or terminate the order of deposition, should the court conclude that children are substantially at risk of harm from physical abuse, neglect, or exploitation by caretakers to whom they have been assigned.