FREDERICKA HOMBERG WICKER, Judge.
l?.The narrow issue presented in this appeal is whether the juvenile court exceeded its authority in ordering the Office of Juvenile Justice (OJJ) to provide educational tutoring to a juvenile placed in its custody. For the reasons provided herein, we find the juvenile court did exceed its authority. Accordingly, we vacate the judgment appealed.
On December 15, 2010, the Jefferson Parish Juvenile Court adjudicated J.S.A. delinquent and committed him to OJJ’s custody for a period of two years for the offense of Battery of a Correctional Facility Employee in violation of La. R.S. 14:34.5 and Unauthorized Entry of an Inhabited Dwelling in violation of La. R.S. 14:62.3. On July 19, 2012, the Honorable Irl R. Silverstein, judge ad hoc presiding, conducted a review hearing, during which he ordered that OJJ provide tutoring services to J.S.A.
In its sole assignment of error, OJJ contends that the juvenile court exceeded its authority in this ordering.
This Court has previously addressed the respective roles of the juvenile court and the state in the treatment of delinquent juveniles committed to the state’s custody. This Court has explained:
[T]he legislature set up a system of juvenile correction and rehabilitation in *712 which, both courts exercising juvenile jurisdiction, Rand the state departments responsible for the custody of these juveniles, serve specific roles. Put succinctly, the role of the juvenile court judge is to oversee the general plan for the correction and rehabilitation of the child, while the role of the state is to provide the details for the implementation of that plan.
State in the Interest of V.N., 97-1190 (La.App. 5 Cir. 4/15/98), 712 So.2d 954, 959.[1]
Furthermore, La. Ch.C. art. 908(A) provides that the state “shall have sole authority over the placement, care, treatment, or any other considerations deemed necessary from the resources that are available for children judicially committed to the department.” Likewise, La. R.S. 15:901D(1) provides, in part, that “[u]pon commitment to the Department of Public Safety and Corrections, the department shall have sole custody of the child and ... shall determine the child’s placement, care, and treatment, and the expenditures to be made therefor, through appropriate examinations, tests, or evaluations conducted under the supervision of the department.” Therefore, after a juvenile has been adjudicated delinquent and committed to the state’s custody, the state, or responsible department,[2] retains authority to determine which services or treatment programs the department provides.
However, “the juvenile court retains jurisdiction to review the disposition and the power to change that disposition when warranted.” State in the Interest of V.N., 712 So.2d at 959; La. Ch.C. art. 912. Additionally, the trial court may make recommendations regarding the services provided for the child and “can insist that the state formulate an individualized plan for the child, and meet certain minimum | requirements consistent with R.S. 15:901[3].” State in the Interest of V.N., 712 So.2d at 959.
This Court has considered the sole issue presented in this appeal, i.e., whether a juvenile court exceeds its authority when it orders the state to provide specific educational services or tutoring to a juvenile placed in its custody. This Court has instructed that, once a juvenile has been committed to state custody, the juvenile court may not order the state to provide a specific type of treatment or service, such as educational tutoring, to the juvenile placed in its custody. See State in the Interest of R.F., 97-1056 (La.App. 5 Cir. 3/16/99), 733 So.2d 84, 85 (wherein this Court determined the juvenile court had exceeded its authority by ordering “one hour of tutoring per day” for a juvenile placed in state’s custody) and State in the Interest of V.N., 712 So.2d 954 (wherein this Court found the juvenile court had *713 exceeded its authority in ordering that a juvenile placed in state’s custody spend more educational time working toward his GED).
Therefore, in this case, we find the juvenile court exceeded its authority in ordering that OJJ provide educational tutoring for J.S.A., a juvenile who had been committed to OJJ’s custody. Accordingly, the portion of the July 19, 2012 judgment ordering OJJ to provide educational tutoring to J.S.A. is hereby vacated.

JUDGMENT VACATED

. The First Circuit Court of Appeal has also examined the scope of the juvenile court's authority and explained that, once a juvenile has been committed to the state's custody, "the court may not order the Department to provide a particular type of treatment or placement.” State in the Interest of L.A.H., 02-1867 (La.App. 1 Cir. 12/20/02), 836 So.2d 447, 449, quoting State in the Interest of D.B., 98-1188, (La.App. 1 Cir. 6/25/99), 739 So.2d 918, 920.

. La. R.S. 36:408(H) provides that the Office of Juvenile Justice is an office of the Department of Public Safety and Corrections that is responsible for the "care, custody, security, and treatment of children adjudicated delinquent!.]”

. La. R.S. 15:90,1 (F) provides:
The Department of Public Safety and Corrections shall have an individualized plan for each child committed to the department except for a child committed to the department following adjudication for contempt. The plan shall be developed after consultation with the child and the family, if feasible. A copy may be forwarded to the court.