BOWES, Judge.
The State, through the Department of Public Safety, Division of Youth Services (DYS), appeals an order of the Juvenile Court for the Parish of Jefferson. The order committed the juvenile M.M. to the custody of DYS, and also ordered her to serve 15 days at Rivarde, a Jefferson Parish juvenile detention center, decreeing that DYS would bear her expenses at Rivarde. We reverse in part.
M.M. first came into the jurisdiction of the juvenile court in October, 1984, for truancy. At that time, it was stipulated that M.M. was a child in need of supervision; she was placed on active probation and ordered to attend and participate in school. In March 1985, a motion to modify the judgment of disposition was filed by the Parish, alleging that M.M. consistently refused to attend school. M.M. was then committed to the Juvenile Court Service Center and ordered to successfully complete that program. In October 1985, a rule to show cause on constructive contempt was filed by the Parish due to M.M.’s continued truancy. M.M. stipulated to constructive contempt, resulting in the order presently on appeal.
There are two minute entries for the date in question. One entry clearly shows that legal custody with DYS was temporary for the period of confinement at Rivarde.
At the hearing, the judge stated:
Okay. At this time for [sic], I’m going to find that you are in contempt, order that you serve fifteen days at Rivarde Detention Home. I’m going to place you in the state’s custody for the purpose of placing you in the detention home as a child in need of supervision, because, legally, that is where you would be placed, otherwise; And, order that you serve fifteen days at Rivarde Detention Home....
Shortly thereafter, colloquy continued between the Court and the probation officer:
MISS SHELTON:
She will return to her mother’s custody following ...
THE COURT:
Yes, following the service of time at JCS.
MISS SHELTON:
.. .school?
THE COURT:
Okay, and, also, the time that you have to serve at JCS, since you are in the custody of the state, for this purpose, will be borne by State of Louisiana, the cost.
It appears that DYS’ contention, that the Court ordered M.M. to the custody of DYS solely for the purpose of paying her expenses while at Rivarde, is well founded. Further, such judgment is a violation of the Code of Juvenile Procedure and the Louisiana Revised Statutes as interpreted by our Supreme Court in State In the Interest of Sapia, 397 So.2d 469 (La.1981).
In Sapia, the Court discussed the authority of the Juvenile Court to place a child in a facility while placing custody with the State.
*448 C.J.P. arts. 84 and 85 give the juvenile court the power and authority to assign custody of a child adjudged in need of care or supervision to any person or agency, whether public or private, which it deems will serve the best interest of the child. R.S. 13:1580 gives the Department of Health and Human Resources the authority to place a child in the facility which it determines will serve the child’s best interests where the child has been initially referred to the Department for treatment and assigned to their custody by the juvenile court. Therefore, the juvenile court judge initially determines where custody of the child shall be assigned. Once the judge determines the custody of the child should be assigned to the Department of Health and Human Resources, and so assigns custody of the child, the Department then' has the authority to determine where the child should be placed. If the court determines that the child is not being properly cared for it may remove custody from the Department and place it elsewhere. ...
Therefore, we conclude that the juvenile court has the authority to place custody of a child adjudged in need of care or supervision in a private facility if it deems such placement to be in the best interest of the child. Only where the custody of the child is initially assigned by the judge to the Department of Health and Human Resources may the Department make the determination as to where the child should be placed.
Then the Court determined the question as to whether the court can order the State to pay for treatment of a child placed in a private facility.
Thus, unless payment by the Department for children placed in private facilities is authorized by the statutes which follow in that Part (sections 1081-1086 of Title 15), the Department cannot be ordered to pay for such care and treatment. In reviewing these statutory provisions, it is clear that, under R.S. 15:1085,6 the Department of Health and Human Resources is only authorized to make payments for the care and treatment of children in nonstate facilities where the children are placed there by the Department.
[...]
Therefore, we conclude that the juvenile court cannot order the Department of Health and Human Resources to pay for the care and treatment of a child placed in a private facility where such placement was made by the court itself and not by the Department. Under the present legislation, the court erroneously ordered the Department of Health and Human Resources to make payments for the care and treatment of both Robin Sapia and Tod Reddicks in private facilities. Those rulings must be reversed.
In the present case, the trial court could have placed legal custody of M.M. with the State, or could have placed M.M. in Ri-varde, a parish facility. Under Sapia, he could not do both. Also, having initially placed the juvenile at Rivarde, he could not order the State to pay for her expenses. This latter objective was clearly the thrust of the court’s order in its entirety.
Finally, Article 83(C) of the Code of Juvenile Procedure states in pertinent part:
A child may be committed to a juvenile detention center or other suitable facility or, if no such facility is available, to the Department of Public Safety and Corrections for a direct contempt of court or for constructive contempt due to repeated failure to comply with a judgment of disposition.
While Article 83 applies specifically to children adjudicated as delinquents, we find the statute useful in analyzing the present situation involving a child in need of supervision, a less severe classification than delinquency. The effect of the law is that a child found in contempt of court can be committed to the Department of Public Safety and Corrections only if a detention center or other suitable facility is not available. In the case before us, the Rivarde Detention Center was obviously available. Therefore, commitment to the Department was improper.
It appears from the record that M.M. had already served her active period of deten *449 tion prior to perfection of this appeal. However, there was a portion of the detention suspended which she could still be ordered to serve. We find it questionable as to whether the court could place M.M. in a detention center without adjudicating her a delinquent, since C.J.P. article 84, which deals with the disposition of children in need of supervision, does not address the situation of contempt before us. However, we do not reach this issue because that question is not before us on this appeal.
In any case, we find that it was error for the trial court to commit the juvenile M.M. in the parish detention center and at the same time place legal custody in DYS and order the State to pay the expenses. The department’s custody of M.M. has already expired, by its own terms, at the conclusion of M.M.’s detention in Rivarde and that issue is, therefore, moot. Consequently, the only remaining issue is the question of payment.
For the reasons delineated above, the portion of the judgment ordering the State of Louisiana to pay for the expenses of M.M. while in Rivarde is reversed and the State is decreed not liable for such expenses. Each party will bear its own costs on appeal.
REVERSED IN PART.