CHEHARDY, Chief Judge.
The Department of Public Safety and Corrections, Division of Youth Services (DYS), appeals a judgment of the juvenile court for the Parish of Jefferson. The sole issue in the appeal is whether the court erred in ordering DYS to pay the costs of a juvenile’s temporary hospitalization in a facility neither owned by, nor under contract with, the State of Louisiana. We reverse.
D.G., a fourteen-year-old male, was adjudicated to be a child in need of supervision on November 13, 1985. At a disposition hearing held January 16, 1986, he was placed on active probation until his eighteenth birthday. Legal and physical custody remained with his mother. Three months later, D.G. was admitted by his mother to Coliseum House, a private mental health facility, after he reportedly took an overdose of pills. Shortly thereafter, custody of D.G. was transferred to DYS. DYS was ordered to obtain placement for D.G. and to obtain updated psychological, social and psychiatric evaluations.
On April 24, 1986, another hearing was held. At that time the court continued D.G.’s custody with DYS and determined that he required psychiatric hospitalization. It was further ordered that D.G. reside with his mother and attend the Juvenile Court Service Center during any period between his discharge from Coliseum House and his placement by DYS. He was expected to be discharged on April 29, 1986 because his parents’ insurance was due to lapse on that date.
*133 On the date D.G. was due to be discharged, another hearing was held due to the issuance of a Physician Emergency Certificate by a psychiatrist at the hospital. The certificate was executed based on the doctor’s opinion that D.G. had become suicidal on the day of his expected discharge. The court then ordered D.G. to remain at Coliseum House pending a hearing, and ordered DYS to pay for the costs incurred. He remained at the private hospital until May 5, 1986, at which time, he was placed by DYS in Meadow Wood, a private Baton Rouge facility under contract with the State of Louisiana.
DYS argues the juvenile judge erred in requiring it to assume financial responsibility for D.G.’s bills at Coliseum House for the period April 29 to May 5, 1986. DYS contends that the court acted without authority based on State in the Interest of Sapia, 397 So.2d 469 (La.1981); State in the Interest of J.M., 490 So.2d 444 (La.App. 5 Cir.1986); State in the Interest of M.M., 490 So.2d 446 (La.App. 5 Cir.1986); and LSA-R.S. 15:1092.
In Sapia, the Louisiana Supreme Court ruled that no statutory authority exists for requiring the State to pay for a child’s care and treatment when the child is placed in a private facility by a juvenile court judge. The sole statutory authority for payment by the State for the care and treatment of children in nonstate-operated facilities is found in LSA-R.S. 15:1081-1086. See also LSA-R.S. 15:1092. The State is only authorized to make such payments when the child is placed in nonstate facilities by the Department of Health and Human Resources. Sapia, supra. The same result was reached by this court in J.M. and M.M. under facts similar to the case herein.
In this case, the juvenile judge recognized the ruling of Sapia, but sought to distinguish it, J.M. and M.M. The judge referred, in reasons for judgment, to the emergency nature of D.G.’s situation, to the fact he did not originally order D.G. placed in Coliseum House, and to the fact that both Coliseum House and Meadow Wood are private institutions. He concluded, in light of these distinctions, that D.G.’s best interest would not be served by moving him to Meadow Wood at that time.
Our review of the record indicates that DYS had a bed available for D.G. on April 29, 1986 at Meadow Wood. It further shows that Meadow Wood is under contract with the State to provide the type of services required by D.G. pursuant to LSA-R.S. 15:1091, and that the juvenile judge ordered D.G. to remain at Coliseum House on April 29, 1986. Since Coliseum House did not have a contract with the State and Meadow Wood did, the two cannot be equated to support the juvenile judge’s decision. Nor do the other reasons suffice to distinguish the cases since DYS was willing to provide the necessary services for D.G. on the day of the emergency, and the judge ordered the child’s placement at Coliseum House for the period of time at issue. The fact that he did not do so originally is irrelevant. Consequently, we find the juvenile court judge erred in ordering DYS to pay the Coliseum House expenses from April 29 to May 5, 1986.
Accordingly, the judgment of the juvenile court ordering the Department of Public Safety and Corrections, Division of Youth Services, to assume financial responsibility for the temporary assignment of D.G. to Coliseum House is hereby reversed.
REVERSED.