706 So.2d 561 (1998)
STATE of Louisiana in the Interest of J.H.
No. 97-CA-1291.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1998.
*562 Martha Morgan, Department of Public Safety and Corrections, Office of Youth Development, Baton Rouge, for Louisiana Department of Public Safety and Corrections/Appellant.
Before SCHOTT, C.J., and BARRY and MURRAY, JJ.
BARRY, Judge.
The Department of Public Safety and Corrections, Office of Youth Development (OYD) appeals that part of a juvenile court judgment which orders OYD to provide transportation for a juvenile's siblings and mother for visitation, and to arrange group therapy and parenting classes for the juvenile's mother.
On January 22, 1996 the juvenile court adjudged J.H.'s family as a family in need of services. J.H. was placed on probation until his eighteenth birthday. On May 23, 1996 OYD through the District Attorney's Office filed a motion to revoke probation. On June 4, 1996 juvenile court found J.H. in contempt of court and remanded him to the Youth Study Center to serve thirty days. On July 2, 1996 J.H. was placed in the custody of OYD for purposes of placement in an appropriate residential treatment facility. He was placed at Hope Haven on August 26, 1996. On April 21, 1997 OYD through the District Attorney's Office filed to revoke J.H.'s probation.
On April 29, 1997 a status hearing was held and juvenile court ordered: that OYD move J.H. to Reynolds Institute; that OYD provide the court with information relating to Reynolds Institute programs, copies of all evaluations, and dates of therapy sessions; that OYD provide transportation for J.H.'s mother and siblings for visitation; and that OYD arrange group therapy and parenting classes for J.H.'s mother.
The OYD argues that it is the only authority to determine treatment and placement of a child in its custody, and it determines the best treatment within the resources allocated by the legislature.
La. Ch.C. art. 908A provides: "Except as provided in Article 906 [commitment to mental institution], the Department of Public Safety and Corrections shall have sole authority over the placement, care and treatment, or any other considerations deemed necessary from the resources that are available for children judicially committed to the department." La. R.S. 15:901 D(1) provides that upon commitment to the department, it "shall determine the child's placement, care and treatment, and the expenditure to be made therefor...."
When the juvenile court placed J.H. in the custody of the state (when his probation was revoked), Chapter 13, 15 and 16 of Title VI (Child in Need of Care) became applicable. La. Ch.Code art. 776. La. Ch.C. art. 672 (as amended by 1997 La. Acts No. 612 although the policy remains the same) similarly provides that a child in need of care shall be assigned to the custody of the department rather than to a placement institution and once custody of a child is assigned to the *563 Department of Social Services it has sole authority over placement and allocation of available resources. The 1997 Comment declares that "the juvenile court is without power to designate a particular treatment or placement choice when it assigns custody of a child to a state agency."
Juvenile court determines initially custody of a child; once custody has been assigned the department has authority to decide where the child is to be placed. Juvenile court has no authority to order the department to pay for care and treatment of a juvenile placed in a private facility by the court. State in Interest of Sapia, 397 So.2d 469 (La.1981) (discussion of prior C.J.P. art. 84 which is Ch.C. art. 779).[1] Specific placement of children and payment for services is the prerogative of the state after custody has been assigned to a state department or agency. State in the Interest of S.S., 499 So.2d 1198 (La.App. 5th Cir.1986) (discussing former La. R.S. 13:1580 which is now Ch.C. arts. 672 and 908). Once a court has awarded custody to the Department of Public Safety and Corrections "that agency has sole custody and it alone shall choose the appropriate placement of the child." State of Louisiana in the Interest of J.A., 532 So.2d 943 (La.App. 5th Cir.1988) (discussing former C.J.P. art. 86G, which is now Ch.C. art. 908).
There is no statutory authority for a juvenile court to order the department to pay for therapy or other services once the court assigns custody to that department. The department has the authority to decide the appropriate treatment for a child after considering availability and cost. Juvenile court has no authority to order that services, such as transportation of family members, therapy, and parenting sessions will be provided at the department's expense.
Juvenile court erred by ordering OYD to provide transportation for J.H.'s siblings and mother and to provide group therapy and parenting classes for J.H.'s mother. The judgment is amended to delete that language. Otherwise, the judgment is affirmed.
AFFIRMED AS AMENDED.
NOTES
[1] Various Children's Code articles and individual cases may reference one particular state agency or department. Ch.C. art. 779 (former C.J.P. art. 84), which lists the dispositional alternatives for a family in need of services makes it clear that all departments that provide services to such families are included.