11 DALEY, J.,
concurs with reasons.
I concur in the majority position that it was an error by the trial court to place S.D. in the custody of the State Department of Public Safety and Corrections, Office of Youth Services (DPSC/OYS) without specifying a maximum term of commitment as required by LSA-Ch.C. Art. 903(B)6. Therefore, I would vacate the disposition rendered by the trial court and remand to the trial court for further proceedings.
The Juvenile Judge in this delinquency case, pursuant to a probationary contract, removed the child from the custody of her parents and placed the child in the DPSC/ OYS’s custody for purposes of placement in a residential treatment facility. The DPSC/OYS contends that the Juvenile Court lacked statutory authority to place S.D. in the State’s custody as a condition of probation. Prior jurisprudence has established that a Juvenile Court may not commit a juvenile to the custody of the Department and specify which services or treatment program the Department must provide.[1]
This appeal is one in a series of appellate cases involving disputes between Juvenile Judges and DPSC/OYS, regarding the authority of the Juvenile Court to impose rehabilitative instructions on the department for what the Juvenile Judge finds is the best interest of the juvenile.
LFor a number of reasons, including budgetary, bureaucratic, and compliance with department regulations, the DPSC/ OYS and the Department of Social Services do not necessarily cooperate in making rehabilitative services available to juveniles who have committed delinquent acts. This circumstance places a Juvenile Judge in a difficult position when attempting to structure a rehabilitative program for a delinquent juvenile especially when the Juvenile Court Judge determines that the delinquency is at least partially caused by lack of parental supervision and or abuse.
I agree with the majority that the placement of a juvenile in the custody of the DPSC/OYS as a probationary condition in a delinquency proceeding, and ordering DPSC/OYS to provide residential treatment at a specific location is beyond the authority of the Juvenile Judge. However, a Juvenile Judge does have authority to assist in developing a rehabilitation program. Article 726 of the Children’s Code states that the purpose of the Family In Need of Services section of the Children’s Code is to “secure the effectiveness of the court’s intervention by explicitly confirming its duty to obtain the cooperation and coordination of all public institutions or agencies having responsibility to supply services to any member of the family referred to the court.”
*1148 LSA-Ch.C. art. 884, which is in the Delinquency title of the Children’s Code, provides in pertinent part:
A. Following the adjudication hearing, the court shall immediately declare whether the evidence warrants an adjudication that the child is delinquent. In exceptional circumstances, the court may take the matter under advisement.
B. If the evidence warrants, the court may adjudicate the family to be in need of services and proceed to a disposition in accordance with Chapters 10 and 12 of Title VII.
[[Image here]]
|3The Juvenile Judge has the option, in the context of delinquency proceeding, of adjudicating the family to be in need of services, so long as the adjudication is warranted under LSA-Ch.C. art. 730.[2] See, Lucy S. McGough & Kerry Triche, Louisiana Children’s Code Handbook, (West Group, 2002 ed. 2001), Article 884, comment (1991), 2001 Authors’ Notes.
Recognizing that often in delinquency matters, the juvenile is in need of rehabilitative services because of social and family problems, the Juvenile Court Judges are in a position to require the cooperation and participation of the 1¿Department of Public Safety, Office of Youth Services and the Department of Social Services to provide rehabilitative services for juveniles if a Family In Need of Services complaint has been filed or if as a result of a delinquency petition the court adjudicates the family to be in need of services.
I acknowledge that in this case a Family In Need of Services adjudication has not occurred. On remand, however, the Juvenile Court could consider a Family In Need of Services adjudication and, if appropriate, require all public institutions or agencies having responsibility to supply services to this juvenile to participate in establishing a plan for services binding upon all family members, which could include the Juvenile Judge awarding custody to the appropriate service provider.

. State of Louisiana in the Interest of T.A., 00-2560 (La. 12/7/01), 801 So.2d 351; State ex rel. R.F., 97-1056 (La.3/16/99), 733 So.2d 84, State in the Interest of S.T., 97-0216 (La.App. 1st Cir.9/19/97), 699 So.2d 1128, writ denied, 97-2627 (La.2/13/98), 706 So.2d 992; State in the Interest of J.H., 97-1291 (La.App. 4th Cir. 1/14/98), 706 So.2d 561.

. LSA-Ch.C. art. 730 contains the allegations that must be made for a family to be in need of services as follows:
Allegations that a family is in need of services must assert one or more of the following grounds:
(1) That a child is truant or has willfully and repeatedly violated lawful school rules.
(2) That a child is ungovernable.
(3) That a child is a runaway.
(4) That a child has repeatedly possessed or consumed intoxicating beverages, or that he has misrepresented or deceived his age for the purpose of purchasing or receiving such beverages from any person, or has repeatedly loitered around any place where such beverages are the principal commodities sold or handled.
(5) That a child has committed an offense applicable only to children.
(6) That a child under ten years of age has committed any act which if committed by an adult would be a crime under any federal, state, or local law.
(7) That a caretaker has caused, encouraged, or contributed to the child's behaviors enumerated in this Article or to the commission of delinquent acts as defined in Title VIII.
(8) That, after notice, a caretaker has willfully failed to attend a meeting with the child’s teacher, school principal, or other appropriate school employee to discuss the child’s truancy, the child's repeated violation of school rules, or other serious educational problems of the child.
(9) Repealed by Acts 1999, No. 1313, § 2.
(10) That a child is found in possession of a handgun or semiautomatic handgun under circumstances that reasonably tend to exclude any lawful purpose.