# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**13-1275**

**STATE IN THE INTEREST OF D.R.P., S.P., J.M.P., AND I.P.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 2814
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**REVERSED.**

**Audie L. Jones**
**Department of Children and Family Services**
**1525 Fairfield, Room 850**
**Shreveport, LA 71101-4388**
**(318) 676-7100**
**COUNSEL FOR APPELLANT:**
     **State of Louisiana,**
     **Department of Children and Family Services**

**Don M. Burkett**
**District Attorney, Eleventh Judicial District Court**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLANT:**
    **State of Louisiana**

**Billy L. West, Jr.**
**Attorney at Law**
**P. O. Box 1033**
**Natchitoches, LA 71458-1033**
**(318) 352-7300**
**COUNSEL FOR APPELLEES:**
    **G.P.**
    **D.P.**

**Renee P. Cote**
**Attorney at Law**
**720 Travis Street**
**Shreveport, LA 71101**
**(214) 369-0024**
**COUNSEL FOR APPELLEES:**
    **D.R.P.**
    **S.P.**
    **J.M.P.**
    **I.P.**

**GREMILLION, Judge**.

The State of Louisiana, through the Department of Children and Family Services (Department), appeals the trial court's order instructing it to pay for psychological consultations with a private psychologist that does not have a contract with the state. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts surrounding the placement of the four children in the Department's custody in July 2013, are not at issue. The eldest three ran away from their adoptive home and were found by police, who observed that the children had severe bruising on their buttocks and legs.[1][2] An investigation was conducted, and the parents, G.P. and D.P., admitted that all of the children were in need of care. The children were adjudicated as children in need of care in September 2013.

G.P. and D.P. were required to submit to psychological testing as part of the Department's case plan. In October 2013, the trial court signed a judgment ordering the entire family to submit to psychological evaluations with Dr. John C. Simoneaux. The judgment stated: "IT IS FURTHER ORDERED that the Department of Children and Family Services are to pay for the above evaluations." The Department now appeals the order requiring it to pay for the services of a psychologist with whom it does not have a contract.

## DISCUSSION

The issue before us is whether the trial court can order the Department to pay for the services of a private provider of psychological services. Louisiana Children's Code Article 672 states (emphasis added):

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rule 5–2, initials are used throughout to ensure the confidentiality of the minors.

[2] The youngest child, I.P., is the biological child of G.P. and D.P.

A. Whenever custody of a child is assigned to the Department of Children and Family Services, the child shall be assigned to the custody of the department rather than to a particular placement setting. The department shall have sole authority over the placement within its resources and *sole authority over the allocation of other available resources within the department for children judicially committed to its custody.*

B. The court shall not divide legal and physical custody whenever assigning custody to a department in accordance with this Article, Articles 619, 622, 627, 681, 700, or 716, or any other statute or provision of law. The court shall specify other public agencies or institutions that have legal or financial responsibility, or both, to provide their particular services identified at disposition or subsequent case review. Placing custody of a child with one state department shall not remove the obligation of any other state department to provide services to that child from their resources for which the child is eligible under state or federal statute or state or federal appropriation, including but not limited to twenty-four-hour care.

Although the jurisprudence has not addressed this particular issue, the supreme court has definitively found that the Department is not financially responsible for the trial court's placement of a child, in the State's custody, in a private facility. These were the facts in *In re Sapia*, 397 So.2d 469 (La.1981)[3], where the child was adjudicated in need of care and placed in a private facility. The trial court ordered the Department to pay for the care and treatment at the private facility. Pursuant to the provisions found in La.R.S. 15:1081-1086, which address payment for care of children in non-state-operated agencies and facilities, the supreme court noted that the Department "is only authorized to make payments for the care and treatment of children in non-state facilities where the children are placed there by the Department." *Id.* at 474. The supreme court concluded, "The juvenile court cannot order the Department of Health and Human Resources to pay for the care and treatment of a child placed in a private facility where such placement was made by the court itself and not by the Department." *Id.* at 475.

---

[3] *In re Sapia* was consolidated with *In re Reddicks*, which involved the identical issue.

This same issue was addressed in relation to the Department of Public Safety, Division of Youth Services (DYS), in *In re D.G.*, 503 So.2d 132 (La.App. 5 Cir. 1987), and the identical result was reached.

*In re J.M.*, 490 So.2d 444 (La.App. 5 Cir. 1986), involved the juvenile court's order to DYS to pay for the costs of temporary placement of a juvenile in a facility that was not state-owned. Relying on *Sapia*, the appellate court found that the juvenile court had no authority to order DYS to pay for J.M.'s care in a facility that it chose.

The juvenile court ordered the Department of Public Safety, Office of Youth Development, to provide transportation for the juvenile's siblings and mother for visitation and group therapy and parenting classes for the juvenile's mother in *In re J.H.*, 97-1291 (La.App. 4 Cir. 1/14/98), 706 So.2d 561. The appellate court found that under La.Ch.Code art. 672, the Department has the sole authority over its use of resources. The appellate court further noted the comment to Article 672 that states that the juvenile court does not have the power to "designate a particular treatment or placement choice" once the State has been assigned custody. *Id*. at 563.

*In re L.S.*, 01-2215 (La.App. 4 Cir. 3/20/02), 814 So.2d 601, *writ denied*, 02-957 (La. 4/17/02), 813 So.2d 414, involved judicial review of the Department's decision to transfer children in its custody from one office to another. Citing *In re J.H.*, the appellate court held that "there is no statutory authority for a juvenile court to order the department to pay for therapy." *Id*. at 607.

Similarly, based on the plain language of La.Ch.Code art. 672 and the jurisprudence discussed above, we find that the trial court cannot order the Department to pay for the services of a private psychologist of its choosing.

Accordingly, the judgment of the trial court ordering the Department to pay for the services of Dr. John C. Simoneaux is, hereby, reversed.

**REVERSED**.